Gaynor v. Crandall, Rasch & Co.

---

## ELLEN GAYNOR
### v.
### CRANDALL, RASCH & CO., FOR USE, ETC.

*New Trial—Practice.*

It is the duty of a party who does not expect to be ready for trial and who proposes to ask for a continuance, to at the earliest possible moment so inform the opposite party in the case.

[Opinion filed June 7, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Judgment having been entered in the court below against appellant, she upon the same day moved that the same be set aside and a new trial granted. This motion the court denied.

Appellant by affidavits showed that at the time of the trial she was so ill as to be unable to leave her house; that her attorneys were so informed, and expected, when the case was called for trial, to present affidavits showing such facts to the court and obtain a continuance of the cause; that being on Saturday informed by her attorneys that she must

on Monday be ready for trial or have a physician's certificate showing her inability on account of illness to attend, she sent for her physician, but owing to his absence his certificate was not obtained by Monday morning; that her attorney was on Monday forenoon waiting in court for said case to be called, and not having received the expected physician's certificate he stepped over to his office to ascertain why it had not been brought to him; and while so absent from the court room, the case was called and disposed of in his absence.

Messrs. MEEK & TROWBRIDGE, for appellant.

Mr. ISRAEL COWEN, for appellees.

WATERMAN, P. J. It is to be regretted that any cause should be disposed of as this was in the absence of the defendant, who claimed to have and expected to make a defense thereto.

In one respect appellant failed, indeed made no attempt to do what it was her duty to have done. She seems at least as early as Saturday, if not the previous Wednesday, to have known that she, a necessary witness, would be unable to be present on Monday. As soon as she became aware of this she ought at once to have notified the plaintiff. It is the duty of a party who does not expect to be ready for trial, and who proposes to ask for a continuance, to, at the earliest moment, notify his adversary, in order that he may not be put to unnecessary trouble and expense, and may, having knowledge of the situation, govern himself accordingly.

Appellant having suffered the plaintiff to remain in ignorance of her intention to apply for a continuance, we do not feel warranted in interfering with the discretion exercised by the Superior Court in refusing to set aside this judgment.

*Judgment affirmed.*