## Hugh Dornan v. M. C. Buckley, et al.

### Gen. No. 11,874.

1. HEARING—*may be had upon original bill, notwithstanding cross-bill not at issue.* It is not error to proceed to a hearing and decree upon the original bill, where the cross-bill was not at issue through the fault of the cross-complainant.

2. CONTINUANCE—*engagement of counsel not absolute ground for.* The engagement of counsel is not an absolute ground for a continuance, but the court has discretionary power to proceed with the cause and in the absence of abuse, the court's action in this respect will not be reviewed.

3. PARTIES—*when all, in interest, need not join as complainants.* Where the parties are very numerous and there exists a common interest or a common right which is sought to be en-

forced a bill is permitted to be filed by a few on behalf of themselves and all others like situated.

Bill in chancery. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 10, 1905.

**Statement by the Court.** May 2, 1902, about 400 employees of the Chicago City Railway Company held a meeting for the purpose of forming a division of the Amalgamated Association of Street Railway Employees. Necessarily this first meeting was temporary in its character. On that day M. C. Buckley was chosen president, R. F. Hahn financial secretary, and appellant treasurer. Dues to the amount of $395 were collected from the members and deposited in the Oakland National Bank of Chicago in the names of Hahn and appellant as trustees. After several preliminary meetings, by a vote of these same members, on May 23, 1902, the organization was made permanent as "Division No. 260 of the Amalgamated Association of Street Railway Employees," and Mr. Buckley was re-elected president and Mr. Hahn financial secretary, but appellant was dropped out, Edward Purcell being elected as treasurer. Thereafter appellant was requested to join Mr. Hahn in withdrawing these funds from the bank for the purpose of depositing them to the credit of the permanent association. This he refused to do.

October 23, 1902, appellees, for themselves and for the other members of the association, filed a bill against appellant and the bank, which, as amended, set up the foregoing facts, and prayed for an order upon the bank to turn over such funds, and upon appellant to join in the withdrawing of the same, and for general relief, etc.

December 8, 1902, the bank answered, admitting the deposit and offering to repay the money upon the return of the passbook. July 18, 1903, appellant answered, denying the allegations of the bill, asserting that appellees have a complete remedy at law, and that necessary parties to the bill are omitted, etc. December 18, 1903, he amended his answer by setting up a list of expenditures made by him

for the benefit of the association, amounting to $184, which he alleged should be allowed to him out of said fund. At the same time he filed a cross-bill praying that these items be paid to him from the fund. An order was entered on the same day that the appellees, the defendants to the cross-bill, plead, answer or demur thereto within ten days. Appellees did not comply with this order, nor did appellant take a default upon the cross-bill.

The cause was heard April 20, 1904, upon the original bill and the answers thereto, and a decree was entered, in which the court found that it had jurisdiction of the subject-matter and of the parties, and also found the facts as hereinbefore set forth, and perpetually enjoined appellant from collecting or attempting to collect said fund, and ordered the bank to turn said fund over to Buckley, the then president, and to James J. Cross, the then treasurer of said association.

From this decree appellant prayed for and was allowed a separate appeal.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

DARROW, MASTERS & WILSON, for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends that it was error to proceed to final decree without determining the claims and demands set forth in the cross-bill. That cross-bill was not at issue. It is true that the defendants to the same were ruled to answer it within ten days, and that time had expired before the hearing on the original bill, but appellant had not seen fit to compel an answer nor to default them. It was his fault that the cross-bill was not ready to be heard with the original bill. It is not essential to a hearing upon the original bill that the cross-bill be heard at the same time. The cross-bill is no part of the original proceeding. The two may be heard together, or each may be tried separately. Hence there was no error in proceeding to a hearing of the orig-

inal bill before the cross-bill was put at issue. Meyer v. Manny, 63 Ill. 207.

Appellant contends that the cause was forced to trial in the absence of his counsel, and that this is reversible error. It appears that his counsel consisted of a firm of three lawyers. Two of them were in an adjoining court room, one of them engaged in a trial and the other attending as a witness. The court in this cause, upon being informed of these facts, requested the attorney who was a witness in the other case, to go on in this one, saying: "When you are called as a witness in that case we will suspend here." Receiving no satisfactory answer, the court ordered the trial to proceed. Counsel then called attention to Rule 6 of the trial court, which reads as follows: "When the principal solicitor of a party is sick, or actually engaged in the trial of a cause in some other court of record in this county (or in the Supreme Court) at the time the cause is called for trial, and the adverse party is ready, the court if satisfied by affidavit or otherwise that the party seeking the delay would have been ready for trial but for the sickness or engagement of his solicitor, may order said cause passed or continued upon such terms as the court may direct; provided, however, the court may on passing such cause set the same for hearing peremptorily at some future day."

Appellant did not comply with this rule. He did not satisfy the court "by affidavit or otherwise" that he was ready to go on in this case, except for the fact that his principal counsel was then actually engaged in the trial of another cause. This rule does not rigidly bind the trial court. Even if it had been literally complied with, there still remained a discretion in the chancellor to determine whether or not the case should proceed, for the words of the rule are that in such case he "may order said cause passed or continued upon such terms as the court may direct." The issues in this case are few and easily comprehended. An average lawyer could try it without preparation. We do not think that by going on with this trial the chancellor abused the discretion with which he is invested. N. W. Ben., etc.,

v. Prim, 19 Ill. App. 227; Gaynor v. Crandall, 44 Ill. App. 511.

The bill is not defective as to parties. The members who paid this money to the temporary Association are represented by the complainants. The rule is that where the parties are very numerous and there exists a common interest or a common right which is sought to be enforced, a bill is permitted to be filed by a few on behalf of themselves and all others like situate. This reasonable exception to the rule that all persons legally or beneficially interested in the subject-matter of the suit are necessary parties, is fully recognized. See Am. Percheron H. B. Ass'n v. Importers' Ass'n, 114 Ill. App. 139, and cases cited.

Believing that substantial justice has been done in this case, and that no reversible error in the trial is shown by the record, we affirm the decree of the Circuit Court.

*Affirmed.*