People of the State of Illinois ex rel. Nancy Patricia Schejbal, Plaintiff-Appellee, v. Richard Kanner, Defendant-Appellant.

Gen. No. 49,447.

First District, Fourth Division.
December 2, 1964.

Herbert Barsy and Bellows, Bellows & Magidson, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division,

and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment entered against defendant in a paternity suit.

The question presented by the appeal is whether the trial judge committed reversible error in not granting a continuance to defendant when the cause was reached for trial.

The paternity suit was scheduled for trial on May 15, 1963. Approximately one week earlier defendant's counsel advised plaintiff's counsel that he would be unable to go to trial on May 15th because he would be engaged in another matter. Plaintiff's attorney suggested that complaining witness and defendant take polygraph tests. The attorneys entered into an oral agreement to continue the trial date to June 25, 1963, and to submit both parties to polygraph tests. It was also agreed that both parties would be bound by the findings of the tests; that such examinations would be in lieu of actual trial of the issues; and that the taking of depositions would be postponed.[1] The entire agreement was terminated by plaintiff's counsel the day before the scheduled trial.[2] Specifically, plaintiff's counsel telephoned the office of defendant's counsel, stating that he was cancelling the agreements for continuance and for taking of the polygraph tests and that he intended to proceed to trial the following morn-

---

[1] Defendant's deposition had originally been scheduled for May 13th; plaintiff's was set for the following day.

[2] Plaintiff's counsel justified his abrogation of the agreement on the ground that it was based on false representations of defendant's attorney, i. e., the matter which defendant's attorney had claimed would interfere with the present case was not listed in the Chicago Daily Law Bulletin.

ing. Defendant's counsel stated that he did not receive the message until the morning of the trial. Relying on the purported continuance, defendant's attorney had arranged for a colleague to answer the May 15th call. The associate orally advised the court of the arrangements made for the continuance; however, the court denied the motion. The court recessed the matter until 2:00 p. m., at which time defendant's counsel appeared and renewed the motion and the reasons for the continuance. The motion was denied but defendant was granted leave to file a written motion, supported by affidavit. The matter proceeded to trial on May 16, 1963.

■ Continuance of a case is not controlled by counsel but is a matter addressed to the sound discretion of the court. As expressed in Krupinski v. Denison, 9 Ill App2d 155 at page 159, 132 NE2d 451: [3]

> The decision to be made in each case is left to its sound judicial discretion. In the exercise of this broad discretion, the Trial Court is, however, required to act judiciously with due regard for the objective of attaining justice. Where it appears that such principle has been disregarded, a reversal is justified (citations omitted).

> In the numerous cases in which reviewing courts have dealt with the question here presented, the decisive factor has been whether the party applying for a continuance has shown a lack of due diligence in proceeding with the cause.

■ The record is void of any showing of a lack of due diligence on the part of defendant. Defendant's counsel was justified in relying on the mutual agree-

---

[3] Discussing Supreme Court Rule 14, Ill Rev Stats 1953, c 110, § 259.14. The present rule is almost identical, Ill Rev Stats 1963, c 110, § 101.14.

210

ment to continue the case, especially when it appeared that the principle reason for the continuance was to require both parties to submit to polygraph tests. The depositions of the parties were continued until those tests were completed. Because the agreement was terminated a day before the trial, defendant was not in a position to reinstate the taking of the depositions. We hold that the court abused its discretion in not granting a continuance to defendant since he was deprived of the right of discovery and of an opportunity to prepare his case under the changed conditions which resulted from a termination by plaintiff's counsel of the agreement to continue the case. The judgment of the Circuit Court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.