WAGSTAD GOFF CONSTRUCTION COMPANY, Plaintiff-Appellee, *v.* WILLIAM KALMAN *et al.*, Defendants-Appellants—(OLSON WALL AND CEILING CONTRACTORS, INC., Defendant-Appellee.)

(No. 58427;

First District (1st Division)—October 22, 1973.

L. Louis Karton, of Chicago, for appellants.

Stephen M. Hallenbeck, of Gilmartin, Wisner & Hallenbeck, of Chicago, for appellee Wagstad Goff Construction Company.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This appeal arises from a complaint to foreclose a mechanic's lien. The defendants filed appearances and answers and asserted counterclaims. When the case came to trial, neither the Kalman defendants nor their attorney appeared in court. The court then heard evidence without a jury and entered judgment in favor of the plaintiff on its claim and dismissed the Kalman defendants' counterclaim. A portion of the judgment against the Kalmans was decreed to be a lien in favor of defendant Olson, a party not involved in this appeal.

Within 30 days of the order, the Kalman defendants filed a motion to vacate the judgment and order of dismissal, which motion was denied. A judgment of foreclosure and sale was entered. The Kalman defendants appeal from the judgment orders and the denial of the motion to vacate.

On June 23, 1971, the plaintiff filed a complaint to foreclose a lien, naming as defendants William and Joyce Kalman and Olson Wall and Ceiling Contractors, Inc. The complaint alleges that William and Joyce Kalman were owners of real estate at 3845 North Harlem Avenue, Chicago, Illinois; that on or about March 3, 1970, they entered into a written contract with the plaintiff to construct an office and warehouse building on that property for the sum of $68,818; that plaintiff performed its obligation under the contract, including extra work which raised the amount due to $75,251.48; that the Kalmans paid $72,054.68, leaving a balance due the plaintiff of $3196.80; that the plaintiff filed a claim for lien on May 21, 1971, and prayed the court to impress a lien on the real estate in favor of the plaintiff, to appoint a receiver for the property and

to enter judgment in the plaintiff's favor in the amount of $3196.80 plus interest. Olson Wall and Ceiling Contractors, Inc., was alleged to have a lien or other interest in the property, subordinate to that of the plaintiff.

The Kalman defendants filed an appearance, an answer and a counterclaim on July 23, 1971. They denied that the plaintiff had complied with the contract terms, claimed they had overpaid the plaintiff and that the plaintiff had abandoned work on the contract, requiring the defendants to procure the services and materials of others in order to complete the building. They prayed damages in the amount of $5000, and, under Count II of their counterclaim, alleged loss of rentals in the amount of $5000, for which amount plus costs and attorney's fees they prayed judgment in their favor. The plaintiff filed an answer to the counterclaim, denying the Kalmans' allegations and requesting dismissal of the counterclaim.

Olson Wall and Ceiling Contractors, Inc., filed an appearance on July 2, 1971, and an answer and counterclaim on August 20, 1971, the latter in the amount of $1576 plus interest, based on its own recorded mechanic's lien. Olson denied that the plaintiff's lien was superior to its lien. The plaintiff filed its answer to Olson's counterclaim on August 31, 1971. On September 13, 1971, Olson filed its reply to the plaintiff's answer.

The case was assigned to Judge Siegan and set for pretrial conference. After a number of continuances of the pretrial conference, it appeared to the court that the parties could not settle their differences, and trial was set for March 7, 1972. On that date the court entered an order setting trial for April 24, 1972. On that date, it appeared to the judge that a settlement was possible and trial was reset for June 22, 1972. On June 30, 1972, trial was reset for September 8, 1972. On September 8, 1972, the Kalmans and their attorney failed to answer the trial call, whereupon the following order was entered:

> "This matter coming on to be heard for trial pursuant to the prior Order of Court, plaintiff and its counsel and witnesses and counsel for Olson Wall and Ceiling Contractors, Inc., being present in Court and ready for trial, and defendants Wm. Kalman and Joyce Kalman, having failed to answer the trial call, and the Court having heard testimony of witnesses and received evidence and being fully advised in this matter, after telephoning counsel for Kalmans at 9:55 A.M., waiting until 10:15 A.M. for proveup and entry of order at 10:40 A.M.
>
> It is Hereby Ordered, that plaintiff have and recover a mechanic's lien in the amount of $3,196.80 plus 6% interest from Sept.

24, 1970 plus costs and a decree impressing said lien to be presented within 28 days hereof.

Further, the Court finds the issues in favor of said plaintiff and against said defendants and enters judgment herein in favor of Wagstad-Goff Construction Co., Inc. and against Wm. Kalman and Joyce Kalman and each of them in the amount of $3,196.80 plus 6% interest from Sept. 24, 1970 and costs; counterclaim of defendants Wm. and Joyce Kalman is dismissed for want of prosecution;

Further, that $1576.00 of the aforesaid lien of $3196.80 shall be decreed as a lien in favor of Olson Wall and Ceiling Contractors, Inc."

On September 21, 1972, counsel for the Kalmans filed a motion to vacate the September 8th order. The motion alleged that the Kalman defendants were engaged in attending to other urgent business matters which abruptly arose without notice to them on September 8, 1972; that because of their attendance to another business matter, they were unable to appear in court at 9:30 A.M. on September 8, 1972 through no fault of their own; that their attorney was engaged in another matter and inadvertently was unable to appear in court at 9:30 A.M. on September 8, 1972; that the Kalmans have a meritorious defense to the complaint and a meritorious counterclaim. The motion prayed for an order vacating: (1) the order of September 8, 1972, granting judgment against the Kalmans; (2) the dismissal of the counterclaim; and (3) the order granting a lien in favor of Olson on the judgment. The motion also contained a prayer that the cause be set for trial.

The plaintiff filed a petition to dismiss the Kalman motion. The plaintiff argued that the Kalmans' motion failed to allege facts which would establish a reasonable excuse for failure to appear for trial. The court set September 29, 1972, for a hearing. On the Kalman defendant's motion, the date was extended to October 2, 1972. On that date the court entered the following order:

"This matter coming on to be heard before Judge Siegan on the motion of defendants continued from Sept. 28, 1972, to vacate the judgment entered against the defendants, Kalmans; the court having been advised and the records reflect that defendants' atty Frederick A. Bragiel being present in court on Oct. 2, 1972 and Sept. 28, 1972 and several times prior to these court dates; that the defendants, Kalmans, having been notified to appear in court by Judge Siegan in a letter dated Sept. 28, 1972 and because of their failure to appear and continued noncooperative attitude with the court and their attorney, and the attorney's inability to

proceed because of the Kalmans' failure to appear.

It is hereby ordered that the motion to vacate the judgment entered on Sept. 8, 1972 against the defendants Kalman and for vacation of dismissal of counterclaim and for vacation of the order granting a lien in favor of Olson Wall & Ceiling Contractors is denied."

On October 10, 1972, a judgment of foreclosure and sale was entered for the balance due the plaintiff ($3196.80 plus interest and costs).

■■ The court's authority to vacate a judgment within 30 days of its entry rests in section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(5)). The statute provides that the vacation may be allowed upon any terms that are reasonable. More importantly, it places the decision to allow vacation of a judgment within the discretion of the trial court.

■■ The Kalman defendants argue that the entry of judgment against them and the dismissal of their counterclaim constituted an arbitrary and capricious act and was contrary to sound judicial discretion. The first proposition in support of this argument is their contention that the record shows inconsistencies and discrepancies which require a new trial. Specifically, the defendants point out that the figures from which the amount due the plaintiff was computed vary between the complaint and the claim for lien, an exhibit which is part of the record. The defendants' argument focuses on a distinction without a difference. It is clear from the forms used and it was confirmed by the plaintiff's counsel in open court that the claim for lien requires computation based on allowable credits (as well as payments); the computations in the complaint were based on the contract amounts. Moreover, the amount alleged to be due from the Kalmans does not vary from computation to computation. Thus, the Kalmans were on notice that the amount to be sued for and for which judgment was entered was and remained $3196.80.

■■ The defendants' next contention is that the trial court improperly heard evidence without calling a jury, since the Kalmans claim that they filed a jury demand. While it is apparent from the record that the forms requesting a jury were filed by the defendants, it is not apparent that the requisite jury fee was paid. The defendants concede that if the fee were not paid, the trial court acted properly in hearing evidence without a jury. However, defendants' counsel argues that the question of whether the jury fee was paid was not raised by the plaintiffs at the trial. Hence, they say the judgment should be reversed and the cause remanded, at which time the issue may be decided. This argument ignores the settled principle of law that:

"A party prosecuting an appeal must furnish the material essen-

tial to the disposition of the appeal. Matters de hors the record cannot be considered. In the absence of a report of proceedings or an agreed statement of facts it is presumed that the evidence supported the trial court's decision." *Perez v. Janota*, 107 Ill.App.2d 90, 92, 246 N.E.2d 42, 43.

Hence, it was up to the defendants to bring to this court proof that the jury fee was paid. Absent such a showing, we remain faced with the presumption that the trial court conducted the proceedings properly. (*In re Annexation to Village of Oak Brook*, 91 Ill.App.2d 27, 234 N.E.2d 555.) As to this contention of the defendants, it should be noted that there are means by which the trial proceedings may be made part of the record on appeal even where they have not been transcribed. Ill. Rev. Stat. 1971, ch. 110A, par. 323.

■■ The final contention of the defendants is that the record demonstrates excusable conduct on their part and they should be allowed their day in court. This argument is without merit. The record reveals that the defendants and their attorney, without notice to the court or the plaintiff, did not appear on the date set for trial. There is no allegation in their motion to vacate that either the defendants or their attorney did not know the time set for trial. The suggestion in their brief that there was some confusion as to the time is without foundation in the record. This court is not required to conclude by way of speculation that the defendants had a reasonable excuse for nonappearance.

■■ While we agree that denial of the defendants' motion is a harsh penalty, this does not mean such denial must never occur. To excuse the cavalier treatment accorded the court on this record would penalize the plaintiff and other litigants whose claims merit the attention of the court. The decision to refuse to vacate the judgment here was within the discretion of the court, and we find no abuse of that discretion. (*Sheller v. Joyce*, 111 Ill.App.2d 250, 250 N.E.2d 8.) Indeed, the trial judge made extensive efforts to see that the defendants had their day in court. They failed to take advantage of the opportunities offered.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

EGAN and HALLETT, JJ., concur.