Helen G. Nixon, Plaintiff and Counterdefendant-Appellee, *v.* Harriet B. Harris, Defendant and Counterplaintiff-Appellant.

(No. 59231; )

First District (2nd Division)—July 22, 1975.

*Rehearing denied September 8, 1975.*

Peter R. Bonavich, of Cook County Legal Assistance Foundation, of Brookfield, for appellant.

Kenneth F. Levin, of Beatty & Levin, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This action was brought to recover a real estate broker's commission. In her complaint, plaintiff alleged that she had fully performed services as a broker to defendant and that defendant had wrongfully failed to pay the commission agreed upon by the parties. Defendant denied liability and brought a counterclaim against plaintiff alleging that plaintiff had, in acting as real estate broker in the sale of defendant's residence, committed fraud, deceit and misrepresentation. On the date the case was called for trial, neither defendant nor her attorney appeared. A jury was impaneled and rendered a verdict for plaintiff on her claim and against defendant on her counterclaim; judgment was entered thereon. Defendant then filed a motion to vacate under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)). From the trial court's denial of the motion, defendant appeals and presents two principal issues: (1) whether the trial court erred in refusing to continue the trial to another date; and (2) whether the trial court erred in denying defendant's motion to vacate. The facts follow.

Subsequent to the filing of this action by plaintiff on November 14, 1969, the answer and counterclaim of defendant on December 5, 1969, and plaintiff's reply on December 30, 1969, a pretrial conference was held on April 21, 1970, and the trial date was scheduled for July 20, 1970. On May 14, 1970, defense counsel filed a motion to produce which was denied by the court on May 18, 1970. Thereafter, the trial date of July 20, 1970, was continued to September 23, 1970, and on that date, the trial was again continued to October 30, 1970. With the exception of the pretrial conference of April 21, 1970, neither defendant nor her counsel appeared for any of the scheduled court dates. In each instance plaintiff obtained a continuance at defense counsel's request and then communicated the new date to defense counsel.

On the morning of October 30, 1970, the case was called for trial. Again, neither defendant nor her counsel appeared. Counsel for plaintiff informed the court that one of defendant's attorneys had requested a continuance because he was purportedly engaged in another courtroom that morning. The trial court denied the continuance, instructing plaintiff's counsel to contact defendant's attorneys. In response to the telephone call, two attorneys appeared from the office of defense counsel and informed the court that another attorney was responsible for the

case and that he was engaged in a courtroom in the Chicago Civic Center that morning. The court instructed the attorneys to have all parties in court that afternoon at 2 p.m.

At 2 p.m., on October 30, 1970, plaintiff and her attorney appeared and were ready for trial; no one appeared on behalf of defendant. After waiting approximately 1 hour, the court called the law offices of defense counsel and was told that he was not there. The court then called the courtroom at the Chicago Civic Center to ascertain whether defense counsel might still be engaged in trial. When the court was assured that counsel was not so engaged, it ordered the commencement of proceedings. A jury was impaneled and plaintiff presented her case together with her defense to the counterclaim. After receiving written instructions, the jury returned a verdict in favor of plaintiff in the amount of $1,500 plus costs and found against defendant on her counterclaim. Judgment was immediately entered on the verdict.

On November 5, 1970, defendant filed a motion to vacate the judgment pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)). The motion alleged that defense counsel, Peter Bonavich, had received the case in July of 1970, as one of approximately 65 open cases given to him as successor attorney to Leo Holt, James Carr and David Wiener, attorneys associated with the Cook County Legal Assistance Foundation, Inc. Sometime prior to the set trial date of September 23, 1970, counsel for both parties agreed that there would be a continuance to allow defense counsel to familiarize himself with the issues, take discovery, and discuss a possible settlement. Counsel for plaintiff then obtained a continuance to October 30, 1970. On October 26, 1970, defense counsel telephoned one of plaintiff's attorneys and requested a continuance on the October 30 date to allow further time for discovery. Counsel for plaintiff agreed to the continuance, and it was defense counsel's understanding that the continuance would be obtained by the former. Relying upon this agreement, defense counsel was not present on October 30, 1970, nor did he inform defendant of the scheduled date. In any event, defense counsel was on trial in Room 1408 of the Chicago Civic Center from 9:30 to 12 noon on October 30, 1970, and would have been unable to appear. The motion further alleged that the delay in the matter was due solely to the negligence of defense counsel, not defendant, and that defendant has a good and meritorious defense to plaintiff's claim. The motion was supported by the affidavits of defense counsel, Peter Bonavich, and Harriet Harris, defendant.

On November 13, 1970, a hearing was held on the motion to vacate. Although a court reporter was present, he died before a transcript was prepared and his notes were not found. Consequently, no verbatim tran-

script is available to this court. The trial court, however, certified its own report of proceedings. From the report of proceedings, it appears that plaintiff's counsel and defense counsel testified at the hearing; it is unclear whether defendant testified as well. The court took defendant's motion under advisement.

By May of 1973, some 2½ years later, no decision on the motion had been rendered, nor had defendant requested one. Finally, on May 16, 1973, plaintiff moved the court to render its decision and on May 22, 1973, defendant's motion to vacate was denied. The trial court found *inter alia* that no prior agreement existed between counsel to obtain a continuance on October 30, 1970, and that there was no evidence of fraud committed by plaintiff in her relations with defendant.

Defendant's initial contention is that the trial court committed reversible error in denying a continuance of the October 30 trial date. In support thereof, we are referred to Supreme Court Rule 231(f) (Ill. Rev. Stat. 1969, ch. 110A, par. 231(f)), and Rule 6.1 of the Rules of the Circuit Court of Cook County. Supreme Court Rule 231(f) provides that "[n]o motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." Circuit Court Rule 6.1(a), in turn, provides:

"A party shall be entitled to a continuance on the ground that his attorney * * * is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney then is engaged. No trial will be continued a second time upon the motion of the same party on the ground of prior engagement of his attorney."

Defendant argues that the foregoing rules mandate one continuance on the ground that a party's attorney is engaged in another trial and that the trial court is divested of discretion to deny the motion.

■■ We initially note that defendant failed to properly bring to the court's attention his engagement in another matter. No notice or motion for continuing the case was filed, nor was an affidavit submitted setting forth facts which would justify a continuance. Defendant's "motion" was related by plaintiff's attorney who informed the court that one of defendant's attorneys had requested a continuance because he was purportedly engaged in another court. We think it is clear that under the Civil Practice Act, the Supreme Court Rules and the Rules of the Circuit Court, a litigant who seeks a continuance on the grounds here asserted, must not only properly move the court but must submit by affidavit or otherwise, competent support for the factual allegations contained in the motion. (See Ill. Rev. Stat. 1969, ch. 110, par. 59; Ill. Rev. Stat. 1969, ch. 110A, par. 231; Rules of the Circuit Court of Cook

County, par. 6.1(a); see also Dornan v. Buckley, 119 Ill.App. 523; Parker v. Newman, 10 Ill.App.3d 1019, 295 N.E.2d 503.) Not having properly or seasonably shown her entitlement thereto, defendant's reliance on Circuit Court Rule 6.1(a) is misplaced.

■■ Moreover, notwithstanding defendant's failure to properly move the court, the record reveals that the trial court complied with the terms of Circuit Court Rule 6.1(a). Rule 6.1(a) provides for a continuance only "for the duration of the particular trial or hearing in which the attorney then is engaged." In the instant matter, defense counsel was engaged in trial only for the morning of October 30, 1970. Not only did the trial judge inform two attorneys from defense counsel's office that the trial would be continued until 2 p.m., but he did not commence the trial that afternoon until he was satisfied that defense counsel was no longer engaged in another court. Therefore, the trial court granted defendant a continuance within the meaning of Rule 6.1(a) and defendant was not entitled to a later date continuance as a matter of right.

As earlier stated, defendant failed to properly move the court for a continuance or submit an affidavit of his engagement elsewhere. Clearly, defendant was not entitled to a later date continuance at the time of trial when defendant's "request" was orally communicated to the court by opposing counsel. It is argued, however, that the matters set forth in defendant's motion to vacate and the affidavits submitted in connection therewith, demonstrated circumstances which would have justified the granting of a continuance and which reasonably explained defendant's failure to appear at trial. Defendant further argues that she has a meritorious defense to the action and that substantial justice between the parties is best served by allowing a trial on the merits. For these reasons, defendant concludes that the trial court abused its discretion in refusing to vacate the judgment.

We turn first to the explanation given for defendant's failure to appear at trial. The motion to vacate alleged that on October 26, 1970, defense counsel telephoned one of plaintiff's attorneys and requested a continuance of the October 30 trial date to allow further time for discovery; that plaintiff's counsel agreed to the continuance and it was defense counsel's understanding that the continuance would be obtained by plaintiff's counsel; that relying upon this agreement, defense counsel was not present on October 30, nor did he inform defendant of the scheduled date; and finally, that defense counsel was engaged in another trial on October 30 from 9:30 to 12 noon and as unable to appear in the instant matter.

Defendant's failure to appear at trial was premised upon the circumstances surrounding defense counsel's request for a continuance. Al-

though viewed in the context of a motion to vacate, a review of the principles governing the grant or denial of the continuance is appropriate. It is fundamental that the granting or refusal of a continuance, except where based on a statutory cause, is within the discretion of the trial court, and its ruling in reference thereto will not be disturbed unless it amounts to an abuse of discretion. (*Griffith v. Young Men's Christian Association,* 7 Ill.App.3d 1040, 288 N.E.2d 718.) The reason behind the rule is that the trial court is apprised of the circumstances and previous proceedings in the case and is therefore in a better position to decide the propriety of granting or denying the motion. While broad discretion is conferred upon the trial court, that discretion must be exercised judiciously, not arbitrarily or capriciously, and a court should not refuse a continuance when the ends of justice clearly require it. *Roberts v. McDaniel,* 22 Ill.App.2d 485, 161 N.E.2d 47.

■■ Defendant places considerable significance on the fact that defense counsel was engaged in another trial on October 30, 1970. Although, for the reasons earlier stated, defendant was not entitled to a later date continuance as a matter of right, defense counsel's engagement elsewhere was a circumstance to be considered in connection with the motion to vacate. In determining the propriety of a continuance due to counsel's absence, an important, if not determinative, factor is the degree of due diligence exercised by the party seeking the continuance. (*Adcock v. Adcock,* 339 Ill.App. 543, 91 N.E.2d 99.) For continuances which are sought merely to delay the administration of justice are not countenanced by the law. We are all vividly aware of the number and backlog of cases which confront the circuit court each year and the consumption of court time when cases are sought to be continued on the date set for trial. (See *Gray v. Gray,* 6 Ill.App.2d 571, 128 N.E.2d 602.) As reiterated in *Davies v. Infragnia,* 54 Ill.App.2d 299, 305, 203 N.E.2d 725:

> "Litigants and their attorneys owe a duty to the court to be ready to proceed with trials in their cases when reached on the trial calendar. That is particularly true today with the great number of pending cases and because of the efforts being made, both by the assignment judge and trial judges, to cut down the backlog of pending cases."

Accordingly, Supreme Court Rule 231(f) mandates that "[n]o motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." (Ill. Rev. Stat. 1969, ch. 110A, par. 231(f).) Against this background, however, it is equally recognized, that the courts have zealously guarded the right of a party to a day in court with counsel where it has been

conscientiously sought. (*E.g., Adcock v. Adcock.*) The element of diligence, therefore, weighs heavily in balancing the need for judicial expediency against a litigant's right to his day in court.

In the instant case, the record reveals that the trial court gave considerable weight to defendant's lack of diligence. The judgment order recites that the defendant failed to appear or answer the call on the previous dates when the case was set for trial. Defendant's conduct not only demonstrated a lack of diligence in appearing at past trial dates, but also indicated a lack of diligence in presenting her motion for a continuance. From his affidavit, it is clear that defense counsel desired a continuance in advance of the trial date.[1] Yet, he made no attempt to inform the court of the desired continuance until the time of trial, and then, the request was merely informally related by opposing counsel. The undue consumption of judicial time which results from the procedure here followed by defense counsel is apparent from the instant record; equally apparent is that the trial court considered this aspect in denying the motion to vacate.

Defendant argues that her failure to appear, either in person or by counsel, was not unreasonable inasmuch as defense counsel relied upon an agreement with plaintiff's counsel to obtain a continuance. (See *Neboshek v. Berzani*, 42 Ill.App.2d 220, 191 N.E.2d 411.) The trial court, however, specifically found that no agreement existed between counsel. Moreover, even assuming that defense counsel in good faith believed that an agreement existed between counsel, we do not view defense counsel's action as reasonable. A motion for a continuance is not controlled by counsel, but is a matter addressed to the sound discretion of the court. (*People ex rel. Schejbal v. Kanner*, 54 Ill.App.2d 208, 203 N.E.2d 759.) We cannot view defense counsel's contrary assumption as reasonable.

■■ In passing on the trial court's exercise of discretion, we think it appropriate to review the procedure followed by the trial court. Absent a showing to the contrary, we must assume that the trial court would normally make every effort to accommodate counsel and litigants consistent with the best interests of all concerned. (*Wilson v. National Automobile & Casualty Insurance Co.*, 22 Ill.App.2d 34, 159 N.E.2d 504.)

---

[1] On October 26, 1970, defense counsel requested a continuance of the October 30 trial date from one of the attorneys for plaintiff. It is noted that the request was not based upon defense counsel's engagement in another trial, but rather, upon the ground that further time was needed for discovery. On this basis, not only was there a complete failure to demonstrate the use of due diligence (see *Parker v. Newman*), but the trial court may well have inferred that defense counsel's engagement elsewhere was not the premier reason for the continuance sought, and that, in any event, defense counsel was not ready for trial.

Here, when plaintiff's attorney informed the court that the defense counsel had requested a continuance, the court denied the request but did not immediately proceed to trial. Instead, defense counsel's office was contacted and two attorneys therefrom appeared and informed the court that another attorney was responsible for the case and was engaged in court that morning. The court instructed the attorneys to have all parties in court at 2 p.m. that afternoon. The attorneys from defense counsel's office departed, and although the record is silent as to their actions thereafter, it is apparent that the trial court believed that its order would be complied with. At 2 that afternoon neither defendant nor her attorneys appeared despite the court's instructions. There was, therefore, no showing that an effort had been made to contact either the defendant or the attorney who was handling the file. Nowithstanding the above, the trial court waited an additional hour, attempted to contact defense counsel, and assured itself that defense counsel was no longer on trial. Only then did the matter proceed to trial. Under these circumstances, we conclude that the trial court sincerely and reasonably attempted to accommodate the parties and that defendant's failure to appear, in the words of the defendant's own motion to vacate, "was due solely to the negligence of defense counsel." See *Wagstad Goff Construction Co. v. Kalman,* 15 Ill.App.3d 614, 305 N.E.2d 65.

Defendant further argues that under a motion to vacate pursuant to section 50(5) of the Civil Practice Act, it is not necessary that a meritorious defense and a reasonable excuse for not having asserted that defense be shown; that the overriding consideration is whether substantial justice is being done. This broad general statement has frequently been enunciated by our courts. (*E.g., People ex rel. Reid v. Adkins,* 48 Ill.2d 402, 270 N.E.2d 841; *Central Telephone Co. v. Amedio Ritacca & Sons, Inc.,* 23 Ill.App.3d 171, 318 N.E.2d 515.) Nonetheless, the application of the rule rests upon the sound discretion of the trial judge and the courts are becoming less liberal in setting aside judgments in the nature of a default which are entered at the trial stage. (See *Central Telephone Co. v. Amedio Ritacca & Sons, Inc.*) And although not necessary requisites, the showing of a meritorious defense or a good excuse are still factors that should be considered in determining whether the judgment should be vacated.[2] *Keafer v. McClelland,* 23 Ill.App.3d 1035, 321 N.E.2d 136.

■■ We recognize that the absence of a showing of due diligence and a meritorious defense are not singularly dispositive and that circum-

---

[2] It is further noted that after the trial court took defendant's motion to vacate under advisement, there was no motion to render a decision until 2½ years later, and then, the motion was made by opposing counsel.

stances may arise in which the doing of substantial justice would require a vacature of a judgment entered on ex parte hearing. The doing of substantial justice, however, must recognize the rights of the opposing party and other litigants whose claims merit the attention of the court. (See *Wagstad Goff Construction Co. v. Kalman; Coleman v. Toohey,* 48 Ill. App.2d 75, 198 N.E.2d 580.) Continuances and delays without good cause or sufficient excuse interrupt orderly procedures and throw the entire system out of balance to the detriment of other cases awaiting trial. (*Davis v. Infragnia.*) The decision to refuse to vacate the judgment entered on the jury's verdict was within the discretion of the court, and we find no abuse of that discretion. *Sheller v. Joyce,* 111 Ill.App.2d 250, 250 N.E.2d 8.

For the reasons stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and LEIGHTON, J., concur.