WALTER B. KRYCH, Plaintiff-Appellant, *v.* IRVING BIRNBAUM *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 77-840

Opinion filed November 1, 1978.—Rehearing denied December 15, 1978.

Stitt, Moore & Szala, of Arlington Heights (Irving B. Campbell and Joseph M. Carrabotta, of counsel), for appellant.

Leonard R. Grazian, of Chicago (Sidney Z. Karasik and Michael Kreloff, of counsel), for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff appeals from a judgment of the circuit court of Cook County in which the defendants' motion for judgment on the pleadings was granted because of the plaintiff's failure to reply to affirmative defenses contained in the defendants' answer.

The plaintiff, a shareholder of the defendant corporation, Grove-Darrow Buildings, Inc. (Grove-Darrow), filed his complaint in January of 1975 seeking declaratory relief, an accounting, and dissolution of the corporation. The complaint charges the corporate defendant, another shareholder and a director with illegal and oppressive activities in connection with the affairs of Grove-Darrow. The defendants moved to dismiss the complaint in February of 1975. This motion was denied in May 1975.

The defendants' answers, filed in June 1975, included allegations labelled as affirmative defenses. These defenses, including laches and the statute of limitations, arise from defendants' contention that the complaint is based on a settlement agreement entered into by the parties to this suit in 1960, soon after the incorporation of Grove-Darrow.

The plaintiff never replied to these defenses. The parties proceeded with discovery between June 1975 and October 1976. When the case was called for trial on November 3, 1976, the defendants, without prior notice, moved for judgment on the pleadings based on the plaintiff's failure to reply to their affirmative defenses.

The plaintiff explains that he did not feel it was necessary to file a reply because his complaint was seeking dissolution of the corporation rather than enforcement of the 1960 agreement; that the defenses pleaded were thus not legally pertinent to the case; and that no "new matter" necessitating a reply was pleaded. Alternatively, the plaintiff sought leave to file a reply instanter and this motion was denied. The defendants' motion for judgment on the pleadings was granted and the plaintiff's subsequent motion to vacate these orders was denied.

Section 32 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 32) provides that a reply shall be filed by the plaintiff if "new matter by way of defense is pleaded in the answer * * *." Supreme Court Rule 182 (Ill. Rev. Stat. 1975, ch. 110A, par. 182) requires that replies to answers be filed within 21 days after the last day allowed for the filing of the answer. Section 59 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 59) provides that "[o]n good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." Supreme Court Rule 183 provides:

"The court, for good cause shown on motion after notice to the

opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. Rev. Stat. 1975, ch. 110A, par. 183.

In *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667, the court set forth the standard to be applied where a continuance is denied, a standard which we believe applicable in this case: "While broad discretion is conferred upon the trial court, that discretion must be exercised judiciously, not arbitrarily or capriciously, and a court should not refuse a continuance when the ends of justice clearly require it." (31 Ill. App. 3d 204, 209, 333 N.E.2d 667, 671.) While the plaintiff's belief that the affirmative defenses were without merit and conclusory and his consequent silence in response to the answer was not the most appropriate course to pursue, we nevertheless find that the ends of justice were not served by a peremptory denial of plaintiff's right to a day in court.

We believe the circumstances of this case satisfy the "good cause" required by statute for the delayed filing of a pleading and that the court abused its discretion in refusing the plaintiff permission to file its reply instanter. Because a motion for judgment on the pleadings tests the sufficiency of the pleadings themselves (*Johnson v. City of Evanston* (1976), 39 Ill. App. 3d 419, 350 N.E.2d 70), it is normally presented prior to any discovery. Here, the parties each engaged in discovery efforts for a period of more than a year following the filing of defendants' answers. It was not until discovery had been completed and the parties appeared in court on the day set for trial that the defendants suddenly moved for judgment on the pleadings. This motion was made without any prior notice to the plaintiff. The plaintiff apparently believed that the affirmative defenses were conclusory, included no "new matter," and that no reply was necessary. The defendants' failure to move promptly for judgment on the pleadings, following the lapse of time allowed for the filing of a reply, did nothing to dispel this misconception. The plaintiff's immediate offer to file a reply instanter, in response to the motion for judgment on the pleadings, was denied. We believe the ends of justice require that such leave be granted.

This court recently addressed a case in which the appellant contended the trial court had abused its discretion in refusing to permit the late filing of a jury demand. (*Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 363 N.E.2d 378.) The defendants rely on this case in arguing that the trial court here similarly acted within its discretion in denying plaintiff leave to reply instanter. We believe that the *Greene* situation is distinguishable from the case at bar. The defendant in *Greene* did not file its request for a jury trial until 2½ years after suit was initiated. It was held

that "good cause" was not shown by defendant's argument that to grant the late demand would neither inconvenience nor prejudice the rights of the plaintiff. In *Greene* denying leave to file a late jury demand meant merely that the case would be submitted to the judge rather than to a jury. While we do not belittle the right to a jury trial, the *Greene* defendant nevertheless had the opportunity to present the merits of his case to the trier of fact. The ruling in this case, on the other hand, goes to the merits of the case in that it serves to deny the plaintiff the opportunity to present its case to the court. "[T]he courts have zealously guarded the right of a party to a day in court with counsel where it has been conscientiously sought." *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 209-10, 333 N.E.2d 667, 672.

The judgment of the circuit court is reversed and remanded with directions that the plaintiff be permitted to file a reply.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.