PEOPLES GAS LIGHT & COKE COMPANY, Plaintiff-Appellee, *v.*
BRIAN FLISK *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 80-1565

Opinion filed June 30, 1981.

Kiesler & Berman, of Chicago (Marvin D. Berman and Thomas B. Underwood, of counsel), for appellant United States Fidelity & Guaranty Company.

William Henning Rubin, of Chicago, for appellant Brian Flisk.

Paul M. Heller, of Chicago (Wexler and Heller, Ltd., of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff Peoples Gas Light and Coke Company (Utility) brought this breach of contract action against defendants Brian Flisk, as receiver, and

United States Fidelity and Guaranty Company (USF&G), as surety, to recover unpaid utility service arrearages incurred during Flisk's tenure as receiver of property subject to an unrelated mortgage foreclosure action. The Utility's motion for summary judgment was granted by the circuit court upon defendants' failure to appear for a hearing. Defendants' motion to vacate the default judgment was denied. Judgment of $18,152.97 was entered in the Utility's favor. Defendants ask this court to determine (1) whether the Utility's motion for summary judgment is insufficient on its face, and (2) whether the circuit court's denial of defendants' motion to vacate works a substantial injustice.[1]

The Utility filed its complaint on March 30, 1979, seeking $18,152.97 in damages for nonpayment of gas service delivered to an apartment building at 5334 West Madison Street, Chicago, from March 21, 1976, to May 23, 1978. The complaint alleges that as a result of a mortgage foreclosure action, Brian Flisk was appointed on April 25, 1975, to manage and maintain the building. Flisk subsequently obtained a surety bond of $20,000 issued by USF&G. The Utility further alleges the surety bond indemnified and insured that Flisk, as receiver, would faithfully perform his obligations and duties for the benefit of all persons doing business with the receiver. Although Flisk contracted for and guaranteed payment, as receiver, for gas service to the property, he breached his obligations to the Utility by not paying for such service. The complaint also states Flisk breached his fiduciary obligations as receiver when he failed to report income and disbursements regarding the premises. The complaint states further that Flisk filed an administrative complaint against the Utility with the Illinois Commerce Commission alleging the Utility's conduct prevented payment of the bills. The Commission rejected Flisk's allegations, issued an order finding him liable for the utility charges then in arrearage, and ordered Flisk to pay those charges to the Utility. Finally, the complaint alleges Flisk received money as receiver in the form of rents from the property.

Defendants, through their counsel William Henning Rubin, filed an answer which alleges the subject surety bond did not issue for the benefit of the Utility. The answer also denied Flisk's failure to pay.

The Utility filed its motion for summary judgment. The motion incorporated the complaint, the Commission's order requiring Flisk to pay gas service arrearages, and the contract and guaranty of payment signed by Flisk. An accompanying affidavit by the Utility's account representative stated the current arrearage was determined by meter readings. It also stated Flisk failed to tender any money to reduce the

---

[1] Each defendant in this court is represented by separate counsel and has filed a separate brief.

arrearage notwithstanding the Utility's numerous requests. Gas service was disconnected for nonpayment on May 23, 1978.

After three continuances, on May 12, 1980, pursuant to notice, the circuit court, without a hearing, granted the Utility's motion for summary judgment.

On May 20, 1980, attorney Rubin filed a motion to vacate the order of summary judgment. The circuit court denied that motion stating, *inter alia*, that defense counsel orally represented he failed to appear on the scheduled hearing dates of January 17, March 13, and May 12, because the "matter was not marked in his daily diary"; that the latter two dates were "marked 'final' hearing dates"; that defense counsel totally disregarded court orders; that the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*) permits a court wide discretion in denying vacature motions where the movant's attorney flagrantly disregards court orders; and that defendants' attorney failed to file responsive pleadings or affidavits opposing the motion for summary judgment.

On May 28, 1980, attorney Rubin filed a notice of appeal setting forth numerous grounds challenging the order of summary judgment and the order denying his request for vacature.[2]

## I

## A

Defendant Flisk's brief on appeal asserts the instant complaint erroneously states Flisk is personally liable on the gas bill. The order of summary judgment finds liability against Flisk, *as receiver*. The motion for summary judgment requested that result. The pleadings support that result. Hence, Flisk's first contention is without merit.[3]

## B

■■ Flisk contends the circuit court's refusal to vacate the summary judgment results in an injustice. No cases are cited. No specifics are alleged. Our review of the instant record discloses no injustice requiring vacature of the order of summary judgment. Similarly, other allegations contained in Flisk's brief on appeal are without authority or substance. The instant complaint, exhibits, affidavit, and pleadings of record support

---

[2] On June 5, 1980, the law firm of Keisler & Berman filed an emergency motion alleging attorney Rubin agreed to defend the rights of USF&G as a cost-saving measure for Flisk. The motion also states Rubin failed to communicate with USF&G and failed to properly represent its interests. The motion requests vacature. That request was denied by the circuit court.

[3] Flisk's brief also makes passing reference to a bond requirement regarding perfection of appeals from Commission orders. The brief is unintelligible on this matter. Whatever the merits of that contention, the issue was not before the circuit court and is not, therefore, properly before this court.

summary judgment against Flisk because there is no genuine issue as to any material fact alleged in the motion for summary judgment. (See *Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510.) The Utility sufficiently alleged the terms of the contract, consideration, performance, and breach of promised payment. Since the receiver proffered no defense of the action, the Utility is properly entitled to judgment, as a matter of law. Flisk's failure to appear for a hearing on the motion cannot alter this conclusion. The circuit court, therefore, did not err when it granted summary judgment against Flisk, as receiver, and denied his motion to vacate that order.

## II
### A

USF&G contends on appeal that the entry of summary judgment was error because the Utility failed to allege sufficient facts to state a claim against it. USF&G claims that attorney Rubin's failure to respond to the motion for summary judgment did not relieve the Utility from its burden of setting forth sufficient facts.

■■ The circuit court granted summary judgment as relief in default. Defendants and their then current attorney failed to appear for several hearings. Responsive pleadings were not filed. No defenses were pending. The allegations supporting summary judgment include the general averment that the surety bond was issued for the benefit of all persons "who are obligated to do business with the Court's duly appointed receiver." Section 50(4) of the Civil Practice Act permits entry of judgment by default (Ill. Rev. Stat. 1979, ch. 110, par. 50(4)) where a party fails to plead. USF&G failed to plead. Judgment under these circumstances is proper.

### B

■■■ The circuit court's denial of USF&G's motion to vacate, however, may work a substantial injustice. Pleadings filed after the denial of the motion to vacate indicate USF&G has raised a defense regarding the beneficiary of the surety bond. Although the showing of a meritorious defense or a good excuse for failure to appear in court is no longer a requisite to vacature of a default order, they are still factors to be considered. (*Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 211, 333 N.E.2d 667, *appeal denied* (1975), 61 Ill. 2d 598.) But above all in the determination of whether vacature should be granted is the consideration of whether the default judgment results in substantial justice. (*Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 996, 398 N.E.2d 1114; *Lettvin v. Suson* (1978), 62 Ill. App. 3d 215, 217, 379 N.E.2d 49.) Here, the parties did not proceed to trial upon the issue of liability. The default was

entered in accord with established practice upon defendants' attorney's failure to appear. The delay here was neither so long nor so calculated as in other cases. (See, *e.g.*, *Nixon v. Harris*; *Wagstad Goff Construction Co. v. Kalman* (1973), 15 Ill. App. 3d 614, 619, 305 N.E.2d 65, *appeal denied* (1974), 55 Ill. 2d 604.) Furthermore, USF&G has discharged its former attorney of record. Thus, although a client is ordinarily charged with the negligence of counsel (see *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 483-84, 386 N.E.2d 284; see, *e.g.*, *Webb v. Morrison* (1981), 96 Ill. App. 3d 1200 (Rule 23 order)), the merits of USF&G's defense claim, under the circumstances here, require a proper hearing. (See, *e.g.*, *Lettvin v. Suson*, at 218; *Adams v. Grace* (1970), 128 Ill. App. 2d 69, 80-81, 262 N.E.2d 489.) For these reasons the denial of USF&G's motion to vacate was error.

For the aforesaid reasons we affirm the judgment against Flisk, vacate the judgment against USF&G, and remand the cause for further proceedings.

Affirmed; vacated; and remanded.

STAMOS and PERLIN, JJ., concur.