Francis J. Donovan, J.
Plaintiff seeks to recover the sum of $1,363.63 which was paid to the defendant for floor covering. The covering was installed on the floors March 8,1967. Immediately the plaintiff noticed an unsightly condition and called it to the attention of the defendant.
On two occasions representatives of the defendant called at the plaintiff’s home and worked on the carpet in an attempt to correct the condition.
The expert who testified on behalf of the defendant, described the condition as pressure bands caused by pressure when the carpeting was on the roller.
The expert said that the condition was corrected but that, on a later inspection, he found a condition which he attributed to wear or traffic causing differences in color or shading and perhaps a flattening out or crushed appearance. It was his opinion that the latter condition was normal with velvet carpet of the kind in suit.
The plaintiff testified that the condition which had been originally reported, examined and worked on by the defendant, continued throughout.
On this issue the court accepts the testimony of the plaintiff. Therefore it follows that the pressure band condition was never corrected and the merchandise was defective. There were continual complaints to the defendant. On April 12,1967 plaintiff’s attorney wrote to the defendant rejecting the merchandise and demanding its removal.
The defendant failed to remove it. On August 15, 1967 a formal letter was sent by certified mail to the defendant, again *73 demanding that it be removed and the purchase price refunded. Nevertheless the defendant has failed to take any action. The merchandise is substantially defective and the plaintiff is entitled to have the purchase price refunded unless he has in some way prejudiced that right by retaining the carpet which is still on his floor and in use.
The defendant contends that such use bars a rescission, citing Chalfin v. Fried & Sons (97 N. Y. S. 2d 643 [Appellate Term, 2d Dept.]) and Alexander Carpet Co. v. Worms (53 N. Y. S. 2d 4 [Appellate Term, 1st Dept.]). Plaintiff relies on the Uniform Commercial Code.
The cited cases antedate the enactment of the Uniform Commercial Code. Section 2-602 of the Uniform Commercial Code provides that the- buyer, if he has possession of the goods, is under a duty after rejection to “ hold them with reasonable care for seller’s disposition for a time sufficient to permit the seller to remove them; but the buyer has no further obligations with regard to goods rightfully rejected.” It follows that the plaintiff was then permitted to retain the goods at his home awaiting removal by the seller and had no further obligation if the rejection was within a reasonable time and he had notified the seller.
The court finds as a fact that the rejection was justified; that it was made within a reasonable time and that proper notification was given to the seller.
The need for this provision of the Uniform Commercial Code has been apparent in this court for some time. Many cases were brought where a merchant delivered defective merchandise, bulky in character, expensive to transport and store. He then left the defective merchandise and refused to remove it. This placed the consumer in a dilemma. If the consumer removes and returns the goods, it is an expensive proposition. He is out of pocket money, in addition to the loss of his purchase price, in exchange for the gamble of recovering some of it by court action. On the other hand, if he retains the merchandise in his home, he loses the right to rescind the contract and his purchase money is gone. In return he has to seek the right to damage for which he will need expensive expert testimony.
It is the opinion of the court that one of the beneficial purposes intended by the new commercial code was to put the burden on the merchant where the goods are defective and he is given proper notice of the defect. He delivered the goods and it is fair that he should remove them or let them remain at his peril.
Judgment for plaintiff for the sum of $1,363.63, with interest from March 8, 1967.