Edward S. Conway, J.
The above-entitled matter came on for trial at the Trial Term, Part I, of this court held in and for the County of Ulster on Wednesday, March 24, 1971 and the parties stipulated and agreed to submit to this court the sole question of law:
‘ ‘ Whether or not under the terms of the contract, either expressed or implied, there is a duty upon the defendant to take back the products that are now in the hands of the plaintiff and to refund to him or give him credit for the billed cost of the materials f ”
It is the contention of the plaintiff that the plaintiff is entitled to a refund for the value of the materials paid for both under statute subdivision (1) of section 2-711 of the Uniform Commercial Code and in equity. Plaintiff relies upon the decision in Garfinkel v. Lehman Floor Covering Co. (60 Misc 2d 72) as to the Commercial Code.
It is the contention of the defendant that in this case there is no proof or assumption that the goods delivered by the defendant to the plaintiff were defective and therefore neither the decision in Garfinkel v. Lehman Floor Covering Co. (supra) nor subdivision (1) of section 2-711 of the Uniform Commercial Code applies. This court must agree with this contention.
The only clauses in the contract which prescribe the conduct of the parties after termination of the contract are paragraphs:
‘‘4 (i) * * * Upon termination of this agreement, for any reason, Authorized Dealer shall not use the word PORA-FLOR or related words in any manner.”
“ 6 (b) Upon termination of the contract, Authorized Dealer shall discontinue using the word or name PORAFLOR in any manner in its business.”
*967 It is the contention of the plaintiff that since the plaintiff is no longer a franchisee the plaintiff should not be compelled to retain useless materials which he cannot sell or use under their brand name of ‘ ‘ Poraflor ’
It is the contention of the defendant that equitable relief is not available to the plaintiff in the absence of a rescission of the contract which relief is not sought by the plaintiff.
It is the opinion of this court that when a manufacturer or supplier of goods, under a standard exclusive franchise contract prepared by him, makes it impossible or useless for a franchisee to attempt to sell the goods on hand after a cancellation of the contract, the franchisee is then entitled to return the unused goods and to be refunded the purchase price of the goods, in the absence of proof of a breach of contract by the franchisee.