390

(No. 43717.—

JACKSON PARK PLAZA, Appellee, v. MARJORIE STEWART, Appellant.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 24, 1971.*

THOMAS GRIPPANDO, KENNETH J. GOOD (Senior Law Student) and ROBERT MANN, all of Chicago, for appellant.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Jackson Park Plaza, a corporation, filed a complaint in the circuit court of Cook County under the small claims provisions of the rules of this court (43 Ill. 2d R. 281 through R. 288). The action was for the recovery of rent for an apartment which the defendant had leased from the plaintiff. Defendant filed no answer to the complaint and was not required to do so under our Rule 286. At the conclusion of the trial before the court judgment was entered in favor of the plaintiff in the amount of $190.35 plus costs. The defendant appeals claiming that she was denied her constitutional rights of due process and equal protection of the law in that the trial court did not permit her to present certain defenses concerning claimed violations by the plaintiff of the

Municipal Code of the City of Chicago and other defenses based on the conditions of the building.

Since defendant filed no responsive pleading to the complaint, we can only ascertain the issues that were litigated by looking to the evidence presented at the trial. Although the defendant now contends that she was denied her right to present evidence concerning defective conditions of the premises the record contradicts her position. During the course of the trial when the defendant was testifying the court itself undertook a rather lengthy interrogation of the defendant relating to the condition of the apartment. The court questioned the defendant about eight photographs of the bathroom and all of these photographs were admitted into evidence. In addition to the photographs the court elicited other information from the defendant concerning the condition of the apartment. This evidence revealed that when the defendant initially took possession of the apartment, the condition thereof was fairly good and that after the defendant resided there for seven or eight months the condition of the premises began to deteriorate. The defendant testified that a board from the bathroom ceiling fell and struck her on the back of the neck and also gave testimony to the effect that the refrigerator was not working and the ventilation was poor. The defendant's testimony further indicated the presence of rats and roaches in increasing numbers, and she testified as to a number of other deficiencies in the premises. Although there was considerable discussion during the trial as to what evidence was relevant and whether such evidence was properly admissible, the record does not support the defendant's contention that she was denied her right to introduce such evidence. The same was, in fact, introduced and is a part of the record. From the record in this case we cannot say that the court refused to consider defenses concerning condition of the leased premises and therefore cannot move on to the constitutional questions which defendant claims are involved.

We have reviewed the authorities relied upon by defendant in support of her constitutional argument and find them to be clearly not in point. *(Schroeder v. City of New York (1962), 371 U.S. 208, 9 L.Ed.2d 255, 83 S.Ct. 279; Armstrong v. Manzo (1965), 380 U.S. 545, 14 L.Ed.2d 62, 85 S.Ct. 1187; Brinkerhoff-Faris Trust and Savings Co. v. Hill (1930), 281 U.S. 673, 74 L.Ed. 1107; Sniadach v. Family Finance Corp. (1969), 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820.)* Each of these cases states the proposition that the opportunity to be heard is a fundamental requirement of due process. This, of course, is a correct statement of the law. However, in the instant case, defendant was heard and in fact was assisted by the trial court in adducing evidence in her behalf relating to the condition of the premises.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*