YALE DEVELOPMENT COMPANY, INC., Plaintiff-Appellant, *v.* OAK PARK TRUST & SAVINGS BANK, TRUSTEE, *et al.,* Defendants-Appellees.

(No. 73-205;

Second District (1st Division)—March 31, 1975.

Edward Van de Houten, Jr., of Glen Ellyn, for appellant.

John T. Perry and J. Richard Stables, of Vescelus, Perry, & Pollard, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, a development company, filed a complaint seeking specific performance of an agreement for the purchase of real estate and alternatively for damages. On the motion of the defendants, owners of the property, the complaint was dismissed on the pleadings with prejudice. Plaintiff appeals.

In Count I of the two count complaint it was alleged that the defendants entered into a real estate contract to sell to plaintiff 37.689 acres for $600,000 in accordance with the copy of a contract which was attached and which contained the following "Rider":

"3. Closing of this transaction shall be within 60 days after written notice is served upon Sellers provided this contract is still in full force and effect when such notice is received.

This contract shall not be in full force and effect and shall terminate upon the earliest of:

(a) the expiration of six months from the date hereof unless prior to said date Purchaser shall have commenced rezoning of the real estate for a use suitable to Purchaser, either,

(i) under the County of Du Page Zoning Ordinance, or

(ii) for an annexation of the real estate to Roselle, Illinois, and under the zoning ordinance of said municipal corporation;

(b) the expiration of twelve months from the date hereof unless Purchaser shall have paid an additional $5,000.00 of earnest money to Sellers;

(c) the expiration of eighteen months from the date hereof unless Purchaser shall have paid an additional $5,000.00 of earnest money to Sellers;

(d) the expiration of twenty-four months from the date hereof in any event.

Sellers agree to cooperate with Purchaser in accomplishing said rezoning including the execution of documents and appearance at hearings reasonably necessary to accomplish the rezoning provided that Purchaser shall reimburse Sellers for their out-of-pocket expenses in performing such acts.

It is contemplated that the rezoning to be accomplished by Purchaser shall be for such use as will make the real estate more valuable. Purchaser agrees to exert a reasonable effort to accomplish such rezoning.

If this contract shall terminate as above provided, Sellers may retain all earnest money previously paid to them as liquidated damages."

It was also alleged that pursuant to paragraph 3 of the rider the buyer had commenced annexation and rezoning of the property and had paid the sellers an additional $5,000 earnest money as specified in 3(b) of the rider, which was accepted by the sellers. The complaint further stated that as part of the annexation and rezoning the Village of Roselle required dedication of a portion of the property for roadway purposes, and that the buyer was informed by sellers that time was not of the essence as to the payment of the $5,000 required in paragraph 3(c) of the rider but that the payment could await the decision of the sellers regarding the dedication. Additional allegations indicated that immediately upon being advised by the sellers that they considered the payment set forth in paragraph 3(c) of the rider as overdue and the contract thereby terminated, the buyer immediately tendered to sellers a certified check in the amount of $5,000 which defendants refused to accept; that the defendants refused to perform their duties of cooperation as set forth in paragraph 3 of the rider; that the buyer has at all times been ready, willing and able to perform its part of the agreement; that the buyer has performed all of the conditions required by the contract; and that in addition to the $5,600 already paid, the buyer has incurred other expenses and is without an

adequate remedy at law. The complaint prayed for specific enforcement of the contract or such other equitable relief as the court might deem just.

In Count II of the complaint the allegations of Count I were substantially repeated and the prayer was for damages.

The defendants filed a motion to dismiss, alleging first that the parties had agreed in writing to dismiss the case with prejudice, and second that "the real estate contract which is the subject matter of the above cause has been terminated by its own terms * * *." The motion to dismiss was not supported by affidavit. The trial court dismissed the plaintiff's complaint and thereafter refused to reconsider. This appeal followed.

The plaintiff contends that defendants' motion was improperly granted since there were well-pleaded facts in the complaint which stated a cause of action. It argues that grounds for the motion to dismiss did not appear on the face of the complaint and that there was no supporting affidavit which could be relied upon for dismissal in such case. The defendants contend that the complaint failed to state a cause of action by well-pleaded facts, that the grounds for the motion to dismiss did appear on the face of the complaint and that no supporting affidavit was therefore required.

■■ It is well established that a motion to dismiss a complaint admits all facts properly pleaded (*Acorn Auto Drivng School, Inc. v. Board of Education* (1963), 27 Ill.2d 93, 96) but does not admit conclusions of law or conclusions of fact which are unsupported by allegations of the specific facts upon which the conclusions rest. (*Martin v. Po-Jo, Inc.* (1969), 104 Ill.App.2d 462, 468.) While pleadings are to be liberally construed and formal or technical allegations are unnecessary (*Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 897), the well-pleaded facts must state a cause of action. *O'Fallon Development Co. v. Ring* (1967), 37 Ill.2d 84, 88; *Awe v. Striker* (1970), 129 Ill.App.2d 478, 480.

■■ An action for specific performance of a land contract is sustained by allegations of ultimate facts showing a refusal on the part of the seller to comply with the contract and a tender by the purchaser of the full amount required to entitle him to a deed pursuant to the contract. (See *Burns v. Epstein* (1952), 413 Ill. 476, 480-1.) An action for damages on the theory of breach of contract requires performance of all conditions precedent stated in the contract and a tender or offer to perform all concurrent or mutual conditions stated in the contract. See *Ross v. Danter Associates, Inc.* (1968), 102 Ill.App.2d 354, 361.

■■ Here, the complaint sets out facts from which the conclusion may be drawn that defendants have failed to perform their obligations under

the contract.[1] Furthermore, there are facts which establish the existence of a written agreement, the commencement of annexation and rezoning proceedings, the payment of $5,000 in additional earnest money before the expiration of 12 months from the date of the contract, the acquiescence of defendants to a delay in the requirement to pay an additional $5,000 before the expiration of eighteen months from the date of the contract, and a subsequent termination of the contract by defendants because of the late payment. It is further stated in the complaint that defendants have refused to accept plaintiff's tender of all sums due under the contract, that defendants have refused to accept full performance by the plaintiff of its obligations under the contract and that defendants have failed to cooperate in the rezoning process as required by the contract. In our view, these well-pleaded facts, admitted for the purpose of the motion to dismiss, clearly state a cause of action.

One of the two stated grounds of defendants' motion to dismiss is that "The real estate contract which is the subject matter of the above cause has been terminated by its own terms and no longer is in full force and effect."

While defendants do not specify whether the motion is one brought under section 45 of the Civil Practice Act or section 48 of the Civil Practice Act, or both, the motion must fail under either section.

Under section 45 if a party seeks to dismiss a pleading for technical deficiencies, the motion must specifically point out the defects complained of (Ill. Rev. Stat. 1973, ch. 110, par. 45; *Central Illinois Electric and Gas Co. v. Scully* (1959), 17 Ill.2d 348, 353; *Lee v. Conroy* (1973), 13 Ill. App.3d 694, 696), and no technical deficiencies are here specified.

■■ The allegation that the complaint itself discloses that rights under the contract have terminated, with the resulting inference that a claim based on the contract is therefore precluded, is not meritorious. It is true, of course, that the complaint discloses that $5,000 is required to be paid within 18 months from the date of the contract under paragraph 3(c) of the rider, and that this was not done. However, this potential basis for termination of the agreement in accordance with its own provisions is further explained by statements in the complaint which indicate a possible waiver on the part of the defendants. Accordingly there arises a question of fact which may not properly be decided in the context of the present motion to dismiss.

■■ It could also be argued that the provision in the contract that it

---

[1] While defendant refers in his brief to the agreement between the parties as an "option to purchase" it is in actuality an executory contract.

would terminate upon "the expiration of twenty-four months from the date hereof in any event," together with the disclosure in the complaint that performance was not completed within this time period, precludes action under the contract. This argument is without merit. The plaintiff pleaded the fact that it offered to pay all sums due under the contract after receiving notice of defendants' intention to terminate the contract. This was several months before the expiration of the 24-month period, and at that time defendants refused to accept said payment. A party who deliberately prevents the fulfillment of a condition on which his liability under a contract depends cannot take advantage of his own conduct and claim that the failure of the fulfillment of the condition defeats his liability. (*Eggan v. Simonds* (1962), 34 Ill.App.2d 316, 320; *Ehard v. Pistakee Builders, Inc.* (1969), 111 Ill.App.2d 227, 233.) Delays and nonperformance while they amount to a failure to perform are excused where performance is prevented by the other party to the contract. *Pfaff v. Petrie* (1947), 396 Ill. 44, 56.

If we construe the motion to be based on the claim that the subject matter of the cause has been terminated by its own terms under section 48 of the Civil Practice Act, the motion fails because it is not supported by affidavits as it must be when, as here, the grounds for the motion do not appear on the face of the complaint. See Ill. Rev. Stat. 1973, ch. 110, par. 48(1); *Highway Insurance Co. v. Korman* (1963), 40 Ill.App.2d 439, 443.

■■ The remaining ground stated in defendants' motion to dismiss alleges the existence of an agreement between the parties to dismiss the case with prejudice. That the claim or demand set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy is a particular ground for dismissal under section 48(1)(f). However, the defendants' allegation is a mere assertion which finds no support in the complaint. The agreement is not attached to the motion to dismiss, nor is there any supporting affidavit which could supply this deficiency. (See *Wolf v. Lake Shore Savings & Loan Association* (1969), 116 Ill.App. 2d 1, 4.) Accordingly dismissal of the complaint may not properly be justified on this basis.

For the reasons stated we reverse the judgment of the trial court which dismissed plaintiff's complaint with prejudice. The case is remanded to the trial court with directions to reinstate the complaint and to thereafter proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

GUILD and HALLETT, JJ., concur.