PRESTO MANUFACTURING CO., INC., Plaintiff-Appellee, *v.* FORMETAL ENGINEERING COMPANY, Defendant-Appellant.

First District (2nd Division)   No. 76-78

■■■■■■

Opinion filed February 8, 1977.

Russell J. Hoover, of Chicago (Jenner & Block, of counsel), for appellant.

Jordan, Kralik & Jordan, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Presto Manufacturing Co., Inc., brought this small claims action (Ill. Rev. Stat. 1971, ch. 110A, pars. 281-288) against defendant, Formetal Engineering Company, to recover a balance of $436.84 allegedly owed for goods sold and delivered by plaintiff to defendant. Defendant counterclaimed for $800, alleging rejection of the goods and breaches of warranties. Plaintiff moved for summary judgment which was granted, and defendant's counterclaim was dismissed. On appeal defendant contends that (1) summary judgment was improperly granted, and (2) the dismissal of the counterclaim was in error.

In the summer of 1971 defendant submitted to plaintiff a sample and specifications for precut polyurethane pads to be used in making air conditioning units. Defendant indicated the particular use to which the pads were to be put and requested a price quotation for the manufacture and delivery of the pads. Plaintiff then submitted the quotation and defendant placed an order for one million pads. Although defendant paid for the goods once they were delivered, defendant subsequently discovered that the pads did not conform to the sample and specifications in that there were incomplete cuts, color variances, and faulty adherence to the pads' paper backing. Plaintiff was then informed of the defects. It later replied that it had determined the cause of the problems and had corrected the defects.

In March 1972, defendant ordered an additional 250,000 polyurethane pads. It is this order which gives rise to the instant appeal. With its new order defendant sent a number of defective pads from the earlier shipment as a reminder that such defects should not be repeated. The new shipments arrived on April 17 and April 26, 1972. Defendant informed plaintiff on April 24 and thereafter that the recent shipments

suffered from the same defects as the 1971 shipment. Further, defendant advised plaintiff that the pads would be rejected and returned to plaintiff. The goods were not returned to plaintiff until August 29, 1972.

Plaintiff later sued to recover $436.84 for the goods, attaching to its complaint a statement reflecting the invoice dates; defendant filed its appearance and then counterclaimed for damages in the amount of $800. Without supporting affidavits, plaintiff moved for and was granted summary judgment. Defendant's counterclaim was dismissed at the same time.

## I.

■■■ We believe this case is particularly unsuited for resolution by summary judgment. A motion for summary judgment is proper where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, show that there is no genuine issue as to any material fact. (Ill. Rev. Stat. 1975, ch. 110, par. 57; *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535.) Yet the reviewing court will reverse an order granting summary judgment if it determines that a material question of fact does exist (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1) because summary judgment is inappropriate under such circumstances (*20 East Cedar Condominium Association v. Luster* (1st Dist. 1976), 39 Ill. App. 3d 532, 534, 349 N.E.2d 586). The right of the moving party must be clear and free from doubt. (*Lesser v. Village of Mundelein* (2nd Dist. 1975), 36 Ill. App. 3d 433, 437, 344 N.E.2d 29; *National Bank v. S. N. H., Inc.* (1st Dist. 1975), 32 Ill. App. 3d 110, 117, 336 N.E.2d 115; *Wegener v. Anna* (5th Dist. 1973), 11 Ill. App. 3d 316, 320, 296 N.E.2d 589.) In making its determination, a court must construe the pleadings strictly against the moving party and liberally in favor of the opponent (*Donart v. Board of Governors* (4th Dist. 1976), 39 Ill. App. 3d 484, 486, 349 N.E.2d 486; *Hernandez v. Trimarc Corp.* (1st Dist. 1976), 38 Ill. App. 3d 1004, 1006, 350 N.E.2d 202; *Cronin v. Delta Air Lines, Inc.* (1st Dist. 1974), 19 Ill. App. 3d 1073, 1076, 313 N.E.2d 245); and if the facts admit of more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied (*Dakovitz v. Arrow Road Construction Co.* (2nd Dist. 1975), 26 Ill. App. 3d 56, 60-61, 324 N.E.2d 444).

Although summary judgment is an important tool in the administration of justice and its use encouraged in proper cases (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497; *Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576), courts must remain cautious not to preempt the right to trial by jury where a material dispute may exist (*Anderson v. Dorick* (3rd Dist. 1975), 28 Ill. App. 3d 225, 227, 327 N.E.2d

541). When faced with a disagreement as to material facts, the court must deny the motion and set the cause for trial. (*Reith v. General Telephone Co.* (5th Dist. 1974), 22 Ill. App. 3d 337, 339, 317 N.E.2d 369.) In light of these well-established principles, summary judgment was erroneously granted in the instant case.

■■ Our review of the pleadings reveals a glaring absence of facts. Plaintiff's complaint alleged only defendant's indebtedness, plaintiff's demand for payment, and defendant's refusal to pay. Defendant, by filing its appearance, pursuant to Supreme Court Rule 286, did not have to file an answer, and the allegations of the complaint were considered denied. In reliance on the fuller facts alleged in defendant's counterclaim and bill of particulars, plaintiff moved for and was granted summary judgment. We believe that plaintiff's right to summary judgment was far from clear. When the pleadings are construed most strictly against the plaintiff and most liberally for defendant, as they must, the facts are as follows. Defendant ordered polyurethane pads from plaintiff with the specific warning that defects noted in a prior shipment not be repeated. Upon discovering the very same defects in the new shipment, defendant refused the goods and returned them approximately 125 days later. Neither the reviewing court, nor the court below, was apprised of the parties' past methods of negotiation, their previous agreements, or their usual business customs. We have no way of knowing the type, substance, or number, if any, of communications between the parties after defendant notified plaintiff of the pads' defective nature. Yet plaintiff urges that summary judgment was proper because no triable fact issues existed. We disagree.

■■ The error in granting summary judgment is highlighted by the dismissal of defendant's counterclaim. Plaintiff's motion for summary judgment concluded with a request for summary judgment on its complaint and also for dismissal of defendant's counterclaim. Although plaintiff did not specify whether its request for dismissal was in the nature of a section 45 motion or a section 48 motion under our Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45, 48), it fails under either provision. Plaintiff's request was tacked onto its motion for summary judgment and wholly failed to even suggest why the counterclaim was believed insufficient. A section 45 motion, however, must "point out specifically the defects complained of" (*Yale Development Co., Inc. v. Oak Park Trust & Savings Bank* (2nd Dist. 1975), 26 Ill. App. 3d 1015, 1019, 325 N.E.2d 418) so that the party against whom it is directed may cure the specified objection (*Central Illinois Electric & Gas Co. v. Scully* (1959), 17 Ill. 2d 348, 353, 161 N.E.2d 304; *Lee v. Conroy* (3rd Dist. 1973), 13 Ill. App. 3d 694, 696, 300 N.E.2d 505). Thus, a motion to dismiss is often impermissible where specific grounds are not set forth. *Senese v. City of*

*Chicago* (1st Dist. 1967), 88 Ill. App. 2d 178, 181, 232 N.E.2d 251; *Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc.* (1st Dist. 1965), 68 Ill. App. 2d 297, 304, 216 N.E.2d 282.

■■ Alternatively, a section 48 motion must be supported by affidavits "[i]f the grounds do not appear on the face of the pleading attacked." (*Holderman v. Moore State Bank* (1943), 383 Ill. 534, 548, 50 N.E.2d 741; *People ex rel. Highsmith v. County of Jefferson* (5th Dist. 1967), 87 Ill. App. 2d 145, 151, 230 N.E.2d 480.) If affidavits are required, they must allege facts demonstrating that the motion is well founded. (*Chapman v. Huttenlocher* (2nd Dist. 1970), 125 Ill. App. 2d 39, 46, 259 N.E.2d 836.) Any deficiency in defendant's counterclaim is not apparent on its face; supporting affidavits were, therefore, required of plaintiff. None were offered. Thus, we conclude that under either section 45 or 48 the dismissal of defendant's counterclaim was improper.

■■ Furthermore, a cause of action should be dismissed on the pleadings only if it clearly appears that no set of facts can be proved which would demonstrate the right to recovery. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, 312 N.E.2d 259; *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 13, 310 N.E.2d 1; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287-88, 226 N.E.2d 630.) Within its counterclaim defendant has alleged plaintiff's delivery of nonconforming, defective goods and resulting damage. We believe that these facts, if proved, evidenced, at the very least, a possibility of recovery. When such a possibility emerges, an order of dismissal must be vacated. *Maas v. Ottawa Stockdale Fertilizer, Inc.* (3rd Dist. 1972), 9 Ill. App. 3d 33, 36, 291 N.E.2d 514; *Johnson v. North American Life and Casualty Co.* (5th Dist. 1968), 100 Ill. App. 2d 212, 220, 241 N.E.2d 332; *Palier v. New City Iron Works* (1st Dist. 1967), 81 Ill. App. 2d 1, 5, 225 N.E.2d 67.

## II.

■■ The order of the court granting summary judgment is especially troublesome because the case at bar is a small claims case (Supreme Court Rule 281 *et seq.*), in which no affidavits were offered in support. The rules governing small claims actions were designed to provide an expeditious, simplified, and inexpensive procedure for the handling of such claims. (*Dobrowolski v. LaPorte* (1st Dist. 1976), 38 Ill. App. 3d 492, 494, 348 N.E.2d 237; *Wroclawski v. Waszcyk* (1st Dist. 1976), 35 Ill. App. 3d 408, 411, 342 N.E.2d 261; *Maxcy v. Frontier Ford, Inc.* (2nd Dist. 1975), 29 Ill. App. 3d 867, 872, 331 N.E.2d 858; *Griffin v. Billberry* (2nd Dist. 1971), 1 Ill. App. 3d 219, 221, 273 N.E.2d 693; see also Historical and Practice Notes, Ill. Ann. Stat., ch. 110A, pars. 281-88 (Smith-Hurd 1968 and 1976-77 Supp.).) According to Rule 286, if the defendant appears, he need not file an answer unless ordered to do so by the court (*Jackson Park*

*Plaza v. Stewart* (1971), 49 Ill. 2d 390, 390, 275 N.E.2d 398); and "the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded." (Supreme Court Rule 286.) Further, the rules of evidence are applicable in a small claims action (*Smith v. Champaign-Urbana City Lines, Inc.* (4th Dist. 1969), 116 Ill. App. 2d 289, 292, 252 N.E.2d 381), and damages must be supported by the evidence (*Croft v. Lamkin* (5th Dist. 1969), 112 Ill. App. 2d 321, 329, 251 N.E.2d 88).

In the instant case defendant's appearance constituted a denial of plaintiff's claim and defendant was not required to file an answer. Defendant filed a counterclaim, however, and set forth facts which, if proved, would establish a basis of recovery from plaintiff. Plaintiff in turn used the facts culled from defendant's counterclaim to move for summary judgment. The grant of summary judgment, therefore, served two purposes. First, it prevented defendant from presenting any of the defenses it may have had against plaintiff's claim; and second, it dismissed defendant's counterclaim notwithstanding plaintiff's major reliance on the counterclaim to recite facts bolstering the motion. As a result, defendant was deprived of its defenses provable under Supreme Court Rule 286 and deprived of potential recovery under the counterclaim. These consequences occurred in the absence of affidavits.

So far as we can determine, our courts have not determined the question of summary judgment in small claims cases. We find nothing in our Supreme Court Rules (281-288) which indicates an intent that the principles applicable to summary judgments do not apply. On the other hand, the rules do provide for a simplified form of complaint, summons, service, a possible jury of six, no formal answer, and for leave of court before depositions, interrogatories, or discovery may be taken or used. In our opinion there is no short cut for summary judgments intended under the rules for small claims.

Although the movant in summary judgment proceedings is not ordinarily required to provide affidavits in support (Ill. Rev. Stat. 1975, ch. 110, par. 57), we believe that the abysmally sketchy record in this case demanded them. The purpose of such affidavits in summary judgment proceedings is to inform the court whether the issues presented are genuine and deserving of trial. (*In re Estate of Levy* (1st Dist. 1975), 27 Ill. App. 3d 362, 365, 326 N.E.2d 503; *Hendricks v. Deters* (4th Dist. 1973), 13 Ill. App. 3d 976, 978, 301 N.E.2d 625.) Yet defendant was prevented from raising defenses which would have presented fact questions unresolvable by summary judgment. More specifically, defendant contends that had the case proceeded to trial, it could have raised any of the following defenses: rightful rejection (Ill. Rev. Stat. 1975, ch. 26, pars. 2—601, 2—602); revocation of acceptance (Ill. Rev. Stat. 1975, ch. 26, par. 2—608);

deduction of damages from the price (Ill. Rev. Stat. 1975, ch. 26, par. 2—717); nonconforming goods; waiver; estoppel; accord and satisfaction; set-off; and others. All of these defenses raise genuine issues of fact incapable of resolution by the grant of an unsupported motion for summary judgment. Thus, the record in this particular small claims action was simply too limited and bereft of information to be decided by way of summary judgment.

## III.

■■ As the cause must be reversed for the reasons explained above, we offer some comments as guidance on remand. Plaintiff's contention that defendant's promise to return the goods was an integral part of any rejection and that defendant's rejection was ineffective without such return must fail. Admittedly, defendant stated it would return the goods when it informed plaintiff of its rejection. Yet the promise was wholly gratuitous. Since the delivered goods did not conform to the contract, defendant was permitted to "reject the whole." (Ill. Rev. Stat. 1975, ch. 26, par. 2—601.) To meet the requirements of an effective rejection, defendant had to reject within a reasonable time and seasonably notify plaintiff to that effect. (Ill. Rev. Stat. 1975, ch. 26, par. 2—602.) In this area, at least, the record is clear. Defendant notified plaintiff of the rejection immediately. Defendant went further, however, and promised to return the nonconforming goods.

The pertinent provision from the Uniform Commercial Code explains why defendant had no obligation to return the goods to plaintiff, despite the gratuitous promise:

"(2) Subject to the provisions of the two following sections on rejected goods * * *,

(a) after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller; and (b) if the buyer has before rejection taken physical possession of goods * * *, he is under a duty after rejection *to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them;* but (c) *the buyer has no further obligations with regard to goods rightfully rejected.*" (Ill. Rev. Stat. 1975, ch. 26, par. 2—602.) (Emphasis added.)

In fact several cases have held that the seller must repossess rejected goods, if he wants them. See *Graybar Electric Co. v. Shook* (1973), 283 N.C. 213, 195 S.E.2d 514; *Minsel v. El Rancho Mobile Home Center, Inc.* (1971), 32 Mich. App. 10, 188 N.W.2d 9; *Garfinkel v. Lehman Floor Covering Co.* (1969), 60 Misc. 2d 72, 302 N.Y.S.2d 167.

Plaintiff argues that it was denied its statutory right of "cure" in that the

goods were not returned until 125 days after defendant's promise to do so. Plaintiff was given immediate notice of rejection, however, and apparently did nothing to repossess the goods. Again we note the absence of facts in the record. We do not know why the parties waited so long or if they maintained communication on the matter. Further, we do not know how the parties handled the problem when it arose after the earlier shipment or who paid the price of returning the goods. Answers to these questions and others could breathe life into an otherwise ethereal record. Thus, the cause must be remanded for trial so that the parties may fully explore and finally resolve the fact questions raised by this appeal.

The order of the trial court granting plaintiff's motion for summary judgment and dismissing defendant's counterclaim is reversed and the case is remanded for trial.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.