MISSION HILLS CONDOMINIUM M-4 ASSOCIATION *et al.*, Plaintiffs-Appellees, *v.* PHYLLIS M. PENACHIO, Defendant-Appellant.

First District (2nd Division)    Nos. 80-1220, 80-1888 cons.

Opinion filed June 16, 1981.

Panichi & Gritton, Ltd., of Chicago, for appellant.

Russell M. Pelton and Pat Chapin, both of Chicago (Peterson, Ross, Schloerb & Seidel, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiffs Mission Hills Condominium M-4 Association (Association) and Paul Diamond brought this action seeking a mandatory injunction requiring defendant Phyllis M. Penachio, a condominium unit owner, to remove a storage cabinet she erected on a portion of the common elements adjacent to her automobile parking space. After defendant raised affirmative defenses in her answer to the complaint, plaintiffs moved for summary judgment on the ground that the Condominium

Property Act (hereinafter C.P.A.) (Ill. Rev. Stat. 1979, ch. 30, par. 301 *et seq.*) expressly prohibits division of the common elements and thus mandates judgment against defendant. The circuit court granted summary judgment in favor of plaintiffs.

Defendant asks this court to consider (1)(a) whether the circuit court erred when it ruled, as a matter of law, that erection of the storage cabinet violated the C.P.A., (b) whether that court erred when it awarded summary judgment in favor of plaintiffs; and (2) whether that court erred in awarding attorney's fees to plaintiffs.

Plaintiffs' complaint alleges defendant erected a storage cabinet within a recess of the wall adjacent to defendant's indoor parking space; and that defendant's condominium property interests were held subject to provisions contained in the Mission Hills Condominium M-4 Declaration (declaration) which also submits the property to the provisions of the C.P.A. The declaration provides in article IV, section 7, that "[n]o alteration of any Common Elements, or any additions or improvements thereto, shall be made by any Owner without the prior written approval of the [Association's] Board [of Managers]." The declaration also provides that the instant parking area constitutes part of the common elements of the condominium complex. The complaint alleges defendant failed to acquire prior written approval for the construction of her storage cabinet and, therefore, erected the cabinet in violation of the declaration. The complaint seeks an order compelling defendant to dismantle her cabinet and an award of attorney's fees pursuant to the terms of the declaration regarding costs incurred incident to enforcement of its provisions.

Defendant answered the complaint with general denials and the averment of facts constituting three affirmative defenses. Defendant alleges that between the date of her execution of the purchase agreement for her unit, June 17, 1978, and the date she took up residence in that unit, November 23, 1978, agents of the condominium developer authorized her to erect the cabinet; that said agents failed to inform her of the declaration's requirement of a written authorization; that said agents intended she rely upon their authorization; that she reasonably relied upon the authorization and constructed the cabinet; and that plaintiffs are now estopped to assert noncompliance with the declaration's requirement of a written authorization. Further, the answer alleged members of the Association's board of managers had knowledge of the construction of the cabinet on March 1, 1979; that one member of the board used the cabinet to store his personal property; that members of the board told defendant construction of the cabinet did not violate rules or regulations of the Association; and that plaintiffs waived the requirement of a written authorization because they did nothing to object to the cabinet until

August 6, 1979, when defendant received a letter from plaintiffs' attorney requesting the cabinet be dismantled and removed.

Plaintiffs then filed a motion for summary judgment alleging that defendant's affirmative defenses are of no effect because section 8 of the C.P.A. provides that any covenant or agreement permitting division of a common element is void. Plaintiffs aver defendant's erection of the storage cabinet is a division of the parking area which constitutes a prohibited "partition or division" of the common elements.

Defendant challenged the applicability of section 8 of the C.P.A. and requested summary judgment in her favor. The trial court found section 8 to apply to the instant facts. The court held defendant's erection of the cabinet constituted a prohibited "division" of the common elements and granted summary judgment in plaintiffs' favor.[1] Defendant's appeal requests review of the circuit court's order. (Our case No. 80-1220.)

Plaintiffs subsequently petitioned the circuit court for an award of attorney's fees pursuant to a provision contained in the declaration. Although defendant contested the petition on various grounds, the trial court granted plaintiffs' petition. Defendant filed an additional appeal seeking review of that award. (Our case No. 80-1888.)

I

Appeal No. 80-1220 seeks review of the circuit court's order of summary judgment for plaintiffs. Defendant contends summary judgment is improper because she raised three affirmative defenses which remain uncontested by plaintiffs. Defendant further contends the trial court erred when it ruled erection of the storage cabinet constituted a "division" as that term is used in the C.P.A.[2] Defendant argues that in the absence of a statutory prohibition to the erection of her cabinet, the declaration governs the respective rights of the parties. Defendant contends that her uncontested affirmative defenses are sufficient to preclude a successful motion for summary judgment, and the circuit court accordingly erred when it granted plaintiffs' motion.

---

[1] The report of proceedings discloses the circuit court believed section 8 of the Illinois Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 308) applied to the instant case because "the statute mandated that there be no division of the common elements, and defendant's actions in the instant case clearly constituted an illegal division of the common elements."

[2] Section 8 of the statute provides, in pertinent part:
"As long as the property is subject to the provisions of this Act the common elements shall ° ° ° remain undivided, and no unit owner shall bring any action for partition or division of the common elements. Any covenant or agreement to the contrary shall be void." (Ill. Rev. Stat. 1979, ch. 30, par. 308.)
The instant declaration submits the property to the Condominium Property Act in accordance with the terms of section 3 of that Act. See Ill. Rev. Stat. 1979, ch. 30, par. 303.

Plaintiffs urge that the C.P.A. specifically and clearly provides that common elements shall remain undivided. They equate defendant's erection of the cabinet as effecting a separation or division of the common elements. Defendant, they argue, uses the storage cabinet with the purpose of excluding access to other common owners. Furthermore, the instant statute expressly prohibits owners from bringing actions to divide the common elements. They argue that the effect of their failure to achieve removal of the cabinet would be a judicially sanctioned division of the common elements. Finally, they contend any permission or agreement to erect the cabinet results in an agreement to divide the common elements expressly prohibited by the statute.

## A

Plaintiffs' argument appears sound until the term "division" is examined in the context of other provisions in the statute and the declaration. At the time this suit was instituted, the C.P.A. permitted the creation of "limited common elements" defined by the statute as portions of the common elements "designated in the declaration as being reserved for the use of a certain unit or units to the exclusion of other units, including but not limited to balconies, terraces, patios and parking spaces or facilities." (Ill. Rev. Stat. 1979, ch. 30, par. 302(s).) A declaration can therefore provide for creation of limited common elements.

If plaintiffs' argument is to be accepted, that is, if the erection of a cabinet constitutes a statutorily prohibited "division" of the common elements, then any physical division of the common elements is a violation of the prohibition. The statute, however, expressly permits division of the common elements where the declaration reserves portions of those elements for the use of certain unit owners (*e.g.*, "limited common elements"). The instant declaration designates parking spaces, balconies, and specific storage areas as common elements over which individual unit owners are granted perpetual and exclusive easements (*i.e.*, the use of these areas is reserved to certain unit owners to the exclusion of others). The instant declaration requires Association permission for establishment of other exclusive use areas. Such separate use clearly constitutes a "division" as that word is used by plaintiffs in their argument here. But in order to give effect to the internal consistency of the statute, the creation of exclusive use areas or limited common elements must not constitute a "division" of the common elements as that term is used in section 8 of the C.P.A. Therefore, a "division" of the common elements means something other than what plaintiffs assert here. A plain reading of the statute compels us to conclude that "division" does not mean the mere physical use of an area to the exclusion of others.

We believe our conclusion is further supported by reference to the word "partition" as used in law. Attempts to describe or define the word

"partition" often contain an instance of the word "division." (See, *e.g.,* *Peck v. Peck* (1959), 16 Ill. 2d 268, 285-86, 157 N.E.2d 249; *Regas v. Danigeles* (1964), 54 Ill. App. 2d 271, 280, 203 N.E.2d 730, *appeal denied* (1965), 31 Ill. 2d 631.) Review of the language in "An Act in relation to the partition of real estate * * *" (Ill. Rev. Stat. 1979, ch. 106, par. 44 *et seq.*) reveals a dependence upon the use of the word "division" or a variant thereof. Although this statute is relatively short, "division" or a variant is used 14 times. The conjunction, "partition and division," is used twice. Moreover, a standard law dictionary definition of "partition" includes instances of "division" or a variant.[3] Hence, the legal use of the words "partition" and "division" is frequently concomitant. Since a successful action for partition results in the alteration of legal title in property,[4] we believe it reasonable to conclude that a successful action for "division," as used in section 8 of the statute, obtains the same result (see 2A Sutherland, Statutory Construction §§46.06, 47.37 (4th ed. 1973)). Similarly, we conclude that the use of the word "undivided" in that section must be consistently construed (*i.e.,* with reference to legal title in property). The instant plaintiffs do not allege defendant's construction of the cabinet is an action seeking alteration of legal title in property. Thus, although the cabinet effects a physical division of the common elements, it is not subject to the proscription of section 8. Accordingly, section 8 of the C.P.A. does not require entry of summary judgment in plaintiffs' favor.

### B

■■ Summary judgment is properly granted a movant only where the pleadings, affidavits and exhibits show there is no genuine issue as to any material fact. (*Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510.) Defendant alleges facts in support of three affirmative defenses to which plaintiffs assert the statutory proscription argument. We find that statutory argument unpersuasive. Since defendant's affirmative defenses are currently uncontested and since she alleges facts which, if found true, might defeat plaintiffs' claim, genuine issues as to material fact exist. Accordingly, summary judgment for plaintiffs is inappropriate here.

---

[3] A standard definition of "partition" is:

"The dividing of lands held by joint tenants, coparceners, or tenants in common, into distinct portions, so that they may hold them in severalty. And, in a less technical sense, any division of real or personal property between co-owners, resulting in individual ownership of the interests of each." Black's Law Dictionary 1008 (5th ed. 1979).

[4] The statute regulating partition actions provides two ways to effect partition: (1) division of property held in common with the result that each party with an interest holds his respective share to the exclusion of other interests or (2) division of the proceeds of a sale of the property where division of the property is inappropriate. See Ill. Rev. Stat. 1979, ch. 106, par. 45.

## II

In appeal No. 80-1888, the circuit court awarded to plaintiffs attorney's fees. That award was based upon the declaration's provision which assesses such fees where the Association pursues legal remedies to enjoin breach of declaration provisions. The attorney's fees provision implicitly assumes success upon such action. The circuit court reasoned that since the C.P.A. was incorporated within the declaration, a purported violation of that statute constituted breach of a declaration provision. We express no conclusion as to this reasoning. We do hold, however, that the statute does not mandate summary judgment for plaintiffs. The basis for the circuit court's award of fees no longer exists. The award of attorney's fees is, accordingly, reversed.

In accordance with the above stated reasons, we reverse the circuit court of Cook County's orders granting summary judgment and attorney's fees in favor of plaintiffs. The cause is remanded for further proceedings.

Appeal No. 80-1220 reversed and remanded; appeal No. 80-1888 reversed.

HARTMAN, P. J., and STAMOS, J., concur.