Michael CARR, Plaintiff—Appellee,

v.

AUTOTECH TECHNOLOGIES, L.P., an Illinois limited partnership, Defendant—Appellant.

No. 00–35963.

D.C. No. CV–99–01455–GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 20, 2002.

Before TROTT and T.G. NELSON, Circuit Judges, and RHOADES,* District Judge.

MEMORANDUM **

AutoTech Technologies, L.P. (AutoTech) appeals the district court's grant of summary judgment in favor of Michael Carr. We affirm.

The plain language of the agreement between the parties clearly contemplates that AutoTech would receive the accounts receivable in existence at the date of the closing. When the terms of a contract are clear and unambiguous, courts need not "consider any evidence outside the text of the agreement."[1] Rather, they must enforce the agreement as written.[2] Accord-

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Stichter v. Zuidema,* 269 Ill.App.3d 455, 206 Ill.Dec. 929, 646 N.E.2d 296, 298 (1995).

2. *See id.*

ingly, we need not consider AutoTech's argument regarding the course of bargaining and the original letter of intent. Thus, we reject AutoTech's assertion that it paid, or would have had to pay if it had satisfied the debt to the First Indiana Bank, more than the agreed-upon purchase price.

To the extent AutoTech argues that it was excused from paying the agreed-upon price because of an earlier breach by Carr, we note that Illinois courts recognize that one party's prevention of a second party's performance excuses the second party's performance on a contract.[3] AutoTech has pointed to nothing to establish a dispute regarding the fact that AutoTech took possession of the materials necessary to run Carr's business shortly after signing the final agreement and well before the closing occurred. Similarly, AutoTech has shown no dispute regarding its assumption of negotiations with Carr's creditors. The district court correctly concluded that Auto-Tech's actions effectively excused Carr of his duties to maintain the business until closing and to clear title to his assets.

The district court also correctly concluded that Carr was a party to the agreement with AutoTech in his own right, and that certain provisions of the contract benefitted him personally. Carr may sue for breach of those provisions of the agreement. We note, moreover, that AutoTech has presented nothing that shows the relevance of the many cases it cites involving corporate officers misappropriating corporate assets for personal gain.

Finally, we conclude that the district court was well within its discretion when it awarded prejudgment interest. Indirect payment has not proved to be an obstacle to awarding prejudgment interest in other Illinois cases,[4] and Illinois courts have broadly interpreted the "instrument of writing" element and the debtor/creditor element of the relevant Illinois statute.[5] It is a small step from existing precedent, and certainly not an abuse of discretion, to conclude that this case meets the requirements of the Illinois statute.

For the foregoing reasons, we affirm.

AFFIRMED.

**3.** *See Yale Develop. Co., Inc. v. Oak Park Trust & Sav. Bank,* 26 Ill.App.3d 1015, 325 N.E.2d 418, 422 (1975).

**4.** *See Rite–Way Plumbing & Heating, Inc. v. Wil–Freds, Inc.,* 63 Ill.App.3d 643, 20 Ill.Dec. 783, 380 N.E.2d 992, 995 (1978).

**5.** *See, e.g., Fabe v. Facer Ins. Agency, Inc.,* 773 F.2d 142, 146 (7th Cir.1985) (interpreting Ill. Rev.Stat. Ch.17 § 6402 (1983)).