MICHELE BERG, on Behalf of Daniel Berg, a Minor, Plaintiff-Appellant, v. JAMES GARRETT, Defendant-Appellee.

Third District   No. 3—91—0429

Opinion filed January 8, 1992.—Rehearing denied February 27, 1992.

Jeffrey Sakol, Assistant State's Attorney, and Sacks & Albrecht, both of Kankakee (Adrienne W. Albrecht, of counsel), for appellant.

Robert W. Boyd, of Ackman, Marek, Boyd & Simutis, of Kankakee (Andrew C. Osen, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The State's Attorney of Kankakee County brought a paternity action against the defendant, James Garrett. The State brought the action on behalf of the minor plaintiff, Daniel Berg. Due to the fact that there was no court reporter present at the trial, and due to the failure to have a properly certified bystander's report prepared, it is somewhat difficult to ascertain exactly what happened in this case. Based on the common law record and on the briefs presented to the court, it appears that the facts were as follows.

At trial, on February 4, 1991, the State sought to introduce the results of a blood test to prove paternity. The State's expert witness, however, was not present on the day of trial and the State could not account for his absence. In spite of the expert's absence, the State proceeded to trial. Following the presentation of lay testimony, the State moved for a recess. The court granted the motion. When the court reconvened, the State still could not locate its expert. The State then moved for a continuance. The court denied the motion. The State rested. The court denied the defendant's motion for a directed finding. Defendant presented evidence.

At the close of the evidence, the court took the matter under advisement. The next day, the court ruled the State had not satisfied its burden of proof and entered judgment in favor of the defendant by virtue of a docket entry. Subsequently, on May 6, the court entered a written decision. In making the findings in this decision, the court found the lack of scientific evidence dispositive and chastised the State for its mishandling of the matter. The plaintiff appeals. We reverse.

Michele M. Berg gave birth to the minor plaintiff on April 18, 1983. According to Berg, the child was conceived between July 14, 1982, and August 30, 1982. The defendant, James Garrett, admitted he had sexual relations with Berg, but asserts he is not the child's father. According to Garrett, he had sexual relations with Berg one time on July 10, 1982.

On October 2, 1989, Berg caused to be filed a petition to determine the existence of the father and child relationship. The petition alleged that Garrett was the minor's natural father. Subsequent to filing the petition, Garrett and the minor child submitted to blood tests which were sent out of State for analysis. The test results indicated the possibility that Garrett was the child's father. The State then filed a request to admit facts asking Garrett to either admit or deny paternity. Garrett objected. He claimed that the information

sought was not reasonably within his knowledge or expertise. The court sustained the objection and set the matter for trial.

At trial, which commenced February 4, 1991, at 10 a.m., the State's expert witness was not present. In response to the State's request, the court delayed the proceedings from 10 a.m. to 10:30 a.m. At 10:30 a.m., the case was called for trial. The State answered ready and presented the testimony of the minor's mother and other lay witnesses. The State then moved for a short recess. The State explained to the court the recess was necessary because its expert witness, who was travelling from North Carolina, had not yet arrived. The court granted the recess.

When the court reconvened, the State again moved for a recess or, in the alternative, a continuance. The State again explained that its expert witness was not present. The State offered the court no definite time when its witness would appear or explanation for the expert's delay. The court denied the motion and asked the State if it had any more evidence to present. The State rested.

The defendant then moved for a directed finding. The court denied the motion. The defendant then testified briefly. Based upon the above evidence, the court ruled the State had not met its burden of proof and entered judgment on behalf of the defendant.

In entering its written decision, the court expressed its displeasure with the State's presentation of the case. The court noted that the State was aware its expert was not present. The State was aware the expert was supposedly in transit from North Carolina yet, instead of asking for a continuance or moving for a nonsuit, the State chose to proceed. Only after the State presented the testimony of the plaintiff's mother and other lay testimony did the State move to continue. Based upon the State's inability to explain the expert's absence or even provide the court with a definite time when the expert would appear, the court denied the State's motion. At the close of the evidence, it was the State's inability to produce expert testimony which the court found dispositive. Indeed, it is apparent that the court found, and not without some justification, the State's mishandling of the case irksome:

> "[I]n the instant case, the State chose to proceed with their evidence. They simply wanted the court to wait until their expert witness showed up, whenever that would be. Perhaps the minor child would have been better served if the State had moved for a continuance or requested a voluntary nonsuit."

The court went on to explain that it did not think that the duty of protecting the interests of the minor plaintiff should rest solely with the court. Instead, the State undertook to protect the interests of the child and, in the trial court's opinion, failed to do so.

We are now presented with the question of whether the trial court's denial of the State's motion for a continuance was an abuse of discretion.

In Illinois, the trial court possesses broad discretion when determining whether to allow or deny a motion to continue. (*Tamimie v. City of Galesburg* (1977), 50 Ill. App. 3d 843, 365 N.E.2d 1177.) In the exercise of this discretion, it has long been the rule in this State that the court act judiciously with due regard for the objective of attaining justice. (*People ex. rel. Schejbal v. Kanner* (1964), 54 Ill. App. 2d 208, 203 N.E.2d 759.) On appeal, the question is not whether the reviewing court agrees with the trial court, but whether the trial court's exercise of discretion, in view of all the circumstances, is manifestly erroneous. *In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 491 N.E.2d 894.

In an ordinary civil action, this court would not disturb the trial court's ruling. The State's decision to proceed without any inkling of when its expert would arrive is an error the seasoned attorney would not make. Nor do we think it would normally be incumbent on a trial court to delay an ongoing trial without a definite answer on when the expert would appear. As the trial court pointed out, the State was aware before the trial commenced that its expert had not yet arrived. Indeed, it appears the State had no idea whether the expert had even begun his journey from North Carolina to Illinois. Cognizant of this fact, the proper course of action would have been to ask for a continuance prior to trial or, in the alternative, move for a nonsuit. Instead, the State chose to proceed.

Now, we are faced with the question of whether the minor plaintiff should bear the brunt of the State's error. After careful consideration of the equities involved and the overriding public policy articulated in the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*), we find the trial court erred in not granting a continuance of at least 24 hours.

The Illinois Parentage Act of 1984 provides that "Illinois recognizes the right of every child to the physical, mental, emotional and monetary support of his or her parents under this Act." (Ill. Rev. Stat. 1989, ch. 40, par. 2501.1.) In reviewing the nature and purposes of the modern paternity act, it is clear that such legislation was intended to provide for the support, maintenance and education

of illegitimate children so that they will not become wards of the State. (See *Blackmon v. Brent* (1968), 97 Ill. App. 2d 438, 240 N.E.2d 255.) In seeking to effectuate this strong public policy, a trial court should take every step reasonably necessary to assure that an adjudication on the merits is obtained.

In this case, although it is somewhat difficult to know exactly what the facts are, it appears that we have a classic case of an inexperienced and somewhat inept plaintiff's counsel up against a seasoned trial lawyer for the defense before an experienced trial judge with a crowded docket. The trial judge was obviously somewhat upset with the State for the way it was handling this case, and the trial judge is not without justification in those feelings. However, from start to finish, the trial took approximately one hour of court time. From the time the case was called at 10 and then recessed until 10:30, and the State presented its evidence and another recess occurred and the defendant testified, the entire matter seems to have taken approximately one hour. Most of that was consumed by recesses so the actual trial time in this case for hearing witnesses does not appear to have been longer than about half an hour.

This being a bench trial and no jury being present to be discommoded, it is hard for this court to understand what possible reason the trial court had for not recessing this case for at least 24 hours to allow a reasonable opportunity for the State's witness to be present. After all, this was a case which affects the right of a minor child to be supported for 18 years of his life. The result of the trial judge's denial of a reasonable recess in this case is that a minor child may well become a ward of the State without support from one of his parents. The only benefit which could have possibly been achieved from the court's action was a small measure of judicial efficiency.

While this court is well aware of the problem faced by trial judges in this State with inexperienced attorneys, the trial judge is not given the luxury of allowing his personal pique and frustration to substantially defeat the interests of a minor child.

This does not mean a court is without remedy to control actions brought under this Act. In the case at bar for example, it would have been perfectly proper for the court to use various sanctions available to it to assure the State produced its prodigal witness. However, refusing to grant a continuance for the production of possibly dispositive expert testimony, in light of the strong public policy of this State, was an abuse of discretion.

The judgment of the circuit court of Kankakee County is reversed, and this cause is remanded to the circuit court of Kankakee County with directions to convene a new trial in the cause.

Reversed and remanded for new trial.

McCUSKEY and SLATER, JJ., concur.