**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200067-U

Order filed March 21, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0067 Circuit No. 12-CF-960 |
| ZACHARY COTTER, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgement.

_____

**ORDER**

¶ 1      *Held*:   The circuit court did not err in dismissing defendant's postconviction petition at the second stage of proceedings.

¶ 2      Defendant, Zachary Cotter, appeals the second-stage dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). He argues the circuit court erred in denying his request for a continuance for postconviction counsel to review a recently obtained affidavit and potentially amend his response to the State's motion to dismiss.

Alternatively, defendant argues postconviction counsel provided unreasonable assistance by failing to review a potentially valuable affidavit and amend his response. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State indicted defendant on numerous charges stemming from the August 26, 2012, murder of James Cohee. Counsel was appointed to represent defendant. On September 9, 2013, the case proceeded to a jury trial on only two counts: first degree murder (720 ILCS 5/9-1(a)(3), (b)(16) (West 2012)) and residential burglary (*id.* § 19-3(a)). The first degree murder charge alleged that Cohee was over the age of 60, exposing defendant to extended-term sentencing (730 ILCS 5/5-5-3.2(b)(3)(ii) (West 2012)). The jury convicted defendant of residential burglary but could not reach a verdict on the first degree murder charge.

¶ 5        On September 26, 2013, defendant entered a fully negotiated guilty plea to first degree murder. Defense counsel recited the terms of the agreement to the court, stating,

> "[Defendant] would enter a plea of guilty in a fully negotiated fashion. The remaining counts as they relate to [defendant] would be dismissed *** as part of the agreement.
>
> [Defendant], pursuant to that plea of guilty ***, would be sentenced to a term of 25 years in the Department of Corrections, followed by a three-year term of mandatory supervised release [(MSR)]. As required by statute, it would be a Truth-in-Sentence, 100 percent sentence with credit for time [served] since August 31st, 2012.
>
> As additional terms of the agreement, [defendant] would testify truthfully if called upon in any proceeding against [his] co-defendants ***.

*** [Defendant] also would waive any appeal rights or post-conviction proceeding as part of this."

The court admonished defendant that, due to the age of Cohee, "the sentencing range would be, on the low end, 20 years, on the high end, 120 years, if there was no plea agreement." It explained the rights that defendant was waiving by entering a plea of guilty and asked if defendant understood that there would not be a trial and the court would instead "enter the plea of guilty *** with the terms that [defendant's] lawyer ha[d] described." Defendant agreed that was his understanding. Defendant informed the court that he had not been threatened or coerced into pleading guilty and was entering the plea of his own free will.

¶ 6        The court accepted the plea agreement and sentenced defendant to 25 years' imprisonment on the first degree murder charge. No judgment was entered on the residential burglary conviction. After accepting defendant's plea, the court explained that defendant's sentence would be 25 years' imprisonment to be served at 100%. The court informed defendant that upon completion of his sentence, he would be placed on three years' MSR. Defendant again indicated that this was his understanding.

¶ 7        In March 2014, defendant filed a *pro se* motion to withdraw his guilty plea. Defense counsel was reappointed for the posttrial motion. On August 21, 2014, defendant appeared with counsel. Defense counsel indicated that he had spoken with defendant about the issues raised in his motion to withdraw, had discussed with him the consequences of withdrawing his guilty plea, and disclosed to him additional evidence that would be used against him at a subsequent trial, that being additional text messages and the testimony of his codefendants. Defendant informed the court that after this conversation with counsel, he wished to withdraw his motion to withdraw his plea and complete his 25-year sentence.

3

¶ 8 On July 11, 2016, defendant petitioned for relief under the Act, alleging plea counsel provided ineffective assistance when counsel (1) failed to file a motion to suppress his video recorded statement, (2) failed to investigate his mother as an alibi witness, (3) failed to meet with him and show him discovery, and (4) misinformed him of the terms of his plea bargain by informing him that he would be sentenced to 20 years' imprisonment for the first degree murder charge to be served at 100% and 5 years' imprisonment for the residential burglary charge to be served at 50%. Defendant further argued that his right to confront witnesses was violated where the State admitted notes written by Cohee into evidence.

¶ 9 The court advanced the petition to the second stage and appointed counsel. Between September and November 2016, defendant's postconviction counsel changed three times. Defendant's third appointed counsel remained assigned to the case from November 18, 2016, until January 5, 2018. In September 2017, defendant informed third counsel that his codefendant had potentially signed an affidavit and counsel attempted to secure it. From January 5, 2018, until March 29, 2019, a fourth counsel was assigned to defendant's case. During that time, fourth counsel indicated that he was still waiting on the affidavit that third counsel had attempted to secure but may have to proceed without it. Fourth counsel informed the court that as of August 2018, he was still waiting to receive transcripts of the guilty plea hearing. In October 2018, fourth counsel represented that he received and reviewed the transcripts of the plea hearing, amended defendant's petition, and filed a Rule 651(c) certificate. The amended petition withdrew defendant's ineffective assistance of counsel argument stemming from a failure to investigate an alibi witness and adopted the remainder of defendant's arguments. The State moved to dismiss in November 2018. A hearing on the State's motion was set for March 2019.

4

¶ 10　　　　However, in March 2019, fourth counsel withdrew from the case, and it was reassigned to fifth counsel. The case was again set for a hearing on the State's motion to dismiss on July 12, 2019. On that date, fifth counsel made her first appearance and requested a continuance. She had not yet been able to confer with defendant, and the court continued the hearing on the State's motion to November 22, 2019. Fifth counsel indicated that she would file a response before that date.

¶ 11　　　　On November 22, 2019, fifth counsel again requested a continuance. She explained that she had been in contact with defendant and his mother while preparing a response and had been made aware of discrepancies between her and the court's file. Sorting out this issue had rendered her unable to file the response prior to the hearing. The court granted the continuance and informed fifth counsel that only a response should be filed at this point. It declared that nothing new should be filed without leave of court. The court set the hearing on the State's motion for February 7, 2020.

¶ 12　　　　On November 25, 2019, fifth counsel filed a response to the State's motion and a Rule 651(c) certificate. On February 7, 2020, fifth counsel informed the court that she had received an affidavit from defendant's mother earlier in the week but had not fully reviewed it. She had spoken with defendant's mother and believed the contents addressed "a conversation that she was present for between [defendant] and his trial counsel, which would go to the ineffectiveness of trial counsel." Fifth counsel indicated that the contents of the affidavit might necessitate an amendment to defendant's petition or response to the State's motion. Fifth counsel requested a continuance to fully review the affidavits and make any necessary amendments.

¶ 13　　　　The court heard arguments on the oral motion to continue and denied it, stating,

5

"Okay. I'm going to deny the motion to continue the case or to file any supplemental post-conviction petition. We don't know if one would be filed or not. Defense counsel just received an affidavit this week, and we don't know if that would lead to anything or not.

The main reason for my ruling here today is post-conviction petition proceedings are long enough, as the defendant might know having filed his many years ago. And at some point finality becomes paramount, and I think this is the point in this case.

And I'm hearing that there's an affidavit from the defendant's mother, who for some reason or which for some reason had not been submitted until the eve of the hearing on the second stage motion to dismiss.

No motion is in front of me. No affidavit is in front of me. And both sides are otherwise ready to go to hearing as long anticipated in this case. And no indication to me as to how or why this matter couldn't have been brought to the Court's attention previously, it being a relative of the defendant himself who submitted an affidavit, so for that reason motion to continue today's hearing respectfully denied."

The court opined that based on fifth counsel's representation, the contents of the affidavit would likely be cumulative, having been included in the content of defendant's own affidavit.

¶ 14    After hearing arguments, the court granted the State's motion to dismiss. The court found that (1) to establish prejudice, defendant was required to make a substantial showing that a motion to suppress would have been granted and failed to do so, (2) the evidence against defendant was overwhelming, (3) defendant validly waived his right to collaterally attack his conviction, (4) the

6

fact that defendant participated in an entire trial rebutted the claim that counsel failed to communicate and make him aware of the discovery, (5) defendant's allegations of being misled about the terms of the plea agreement were rebutted by the record, and (6) defendant's arguments about trial issues were moot since the conviction resulted from a plea agreement and not a trial.

¶ 15      This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17      Defendant argues the circuit court abused its discretion in denying his motion to continue the hearing on the State's motion to dismiss for counsel to fully review the supporting affidavit from defendant's mother. Alternatively, defendant argues that his fifth postconviction counsel provided unreasonable assistance by failing to (1) review the affidavit and make any necessary amendments prior to the hearing, and (2) file a motion to reconsider after reviewing the affidavit and include the affidavit in the record.

¶ 18      The Post-Conviction Hearing Act (Act) creates a procedure for imprisoned criminal defendants to collaterally attack their convictions based on a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1) (West 2020). "The Act provides a three-stage process for adjudicating postconviction petitions." *People v. English*, 2013 IL 112890, ¶ 23. Defendant's petition was dismissed at the second stage of postconviction proceedings. "During the second stage, the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35. At this stage, the State may answer or move to dismiss the petition. *People v. Mauro*, 362 Ill. App. 3d 440, 441 (2005). "All well-pleaded factual allegations not positively rebutted by the trial record must be taken as true when considering the State's motion to dismiss a second-stage postconviction petition." *People v. Smith*, 2021 IL App (1st) 181728, ¶ 18.

7

¶ 19                               A. Denial of the Motion for Continuance

¶ 20       First, defendant argues that the court abused its discretion when it denied his motion for a continuance for fifth counsel to review a newly obtained affidavit from his mother regarding a conversation she witnessed between defendant and plea counsel.

¶ 21       At the outset, defendant contends that due to the civil nature of postconviction proceedings, the appropriate standard of review is whether the court's exercise of discretion was manifestly erroneous. See 725 ILCS 5/122-5 (West 2020); *Berg v. Garrett*, 224 Ill. App. 3d 619, 622 (1992). The State argues that the standard for reviewing the granting or denial of a continuance is abuse of discretion. *People v. Walker*, 232 Ill. 2d 113, 125 (2009). Numerous cases, both civil and criminal in nature, indicate that the appropriate standard of review for the granting or denial of a continuance should be an abuse of discretion. See *id.*; *Nixon v. Harris*, 31 Ill. App. 3d 204, 209 (1975) ("It is fundamental that the granting or refusal of a continuance, except where based on a statutory cause, is within the discretion of the trial court, and its ruling in reference thereto will not be disturbed unless it amounts to an abuse of discretion."); *Farrar v. Jacobazzi*, 245 Ill. App. 3d 26, 29 (1993) ("The trial judge has broad discretion to grant or to deny a motion for continuance, and his or her decision will not be reversed absent an abuse of that discretion."); *LeFebvre v. Industrial Comm'n*, 276 Ill. App. 3d 791, 795 (1995) ("A trial judge has broad discretion to grant or to deny a motion for a continuance, and that decision will not be reversed absent an abuse of discretion."). Accordingly, we will review the denial of defendant's motion for a continuance under the abuse of discretion standard of review.

¶ 22       Courts possess broad discretion in determining whether to grant or deny a continuance. *Berg*, 224 Ill. App. 3d at 622. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable. *People v. Becker*, 239 Ill. 2d 215, 234 (2010).

8

¶ 23    Here, the court denied defendant's motion to continue based on the importance of finality in proceedings and defendant's lack of diligence, noting his mother's affidavit was not submitted to counsel "until the eve of the hearing on the second stage motion to dismiss." The court further noted that no explanation was given as to why the affidavit from defendant's own relative could not have been submitted sooner. Both considerations are appropriate factors in deciding whether to grant a continuance. A strong societal interest exists in finality, especially in convictions which resulted from a plea of guilty. *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1967 (2017). Additionally, courts have long recognized that parties are required to demonstrate diligence or appropriately explain the lack of it to obtain a continuance. See *Parker v. Newman*, 10 Ill. App. 3d 1019, 1021 (1973); *Walker*, 232 Ill. 2d at 125.

¶ 24    Defendant argues that the delay was not attributable to him due to numerous administrative and other delays, *i.e.*, the rotating assignment of attorneys, the delay in receiving transcripts of the plea hearing, and waiting on an incarcerated codefendant's affidavit. While certain aspects of delay were beyond defendant's control, the affidavits were not. Defendant did not inform third counsel about the potential affidavit from his codefendant until more than a year had passed from his initial filing. More importantly, the affidavit relevant to this appeal, submitted to fifth counsel mere days before the hearing, was from defendant's mother, and nothing impeded defendant's ability to obtain it. The record demonstrates that defendant's mother was involved in this case, at least, since defendant entered his guilty plea in September 2013. She was in contact with fifth counsel months prior to the hearing and could have provided it to him at any time during the proceedings. No explanation was provided to the court as to why an affidavit could not be secured until more than three years after defendant filed his postconviction petition. Under these circumstances, we find that the court did not abuse its discretion in denying defendant's motion to continue.

¶ 25                          B. Assistance of Postconviction Counsel

¶ 26        Alternatively, defendant argues that his fifth postconviction counsel did not provide reasonable assistance where counsel failed to review defendant's mother's affidavit and ensure its contents were included in the record.

¶ 27        At the second stage of postconviction proceedings, counsel may be appointed to assist defendant. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). The right to the assistance of counsel during postconviction proceedings is not a constitutional right but rather a statutory provision. *People v. Bell*, 2014 IL App (3d) 120637, ¶ 10. The Act requires that postconviction counsel provide a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To this end, Illinois Supreme Court Rule 651(c) requires that postconviction counsel consult with defendant to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings at trial, and make any amendments to defendant's petition that are necessary for an adequate presentation of his contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). When postconviction counsel files a Rule 651(c) certificate, it creates a rebuttable presumption that counsel provided a reasonable level of assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. It is defendant's burden to demonstrate postconviction counsel failed to substantially comply with Rule 651(c). *Id.*

¶ 28        Here, fifth counsel made her first appearance in July 2019. She moved to continue the previously set hearing so she could review the file and further discuss the matter with her client. After obtaining that continuance, counsel worked to familiarize herself with the file and discovered some discrepancies between her and the court's file through communication with defendant and his mother. She obtained another continuance to resolve that issue and file a response to the State's

10

motion. Counsel was informed that no new evidence or allegations could be filed without express leave of court. Thereafter, counsel filed a response and Rule 651(c) certificate.

¶ 29    In addition to complying with the letter of Rule 651(c) by filing a compliant certificate, the record demonstrates counsel fulfilled the duties set forth in the rule. Counsel reviewed the record, communicated with defendant and his mother, and attempted to make the necessary changes to defendant's filings. Specific to this issue, the affidavit from defendant's mother was submitted just days before the hearing, after the court had restricted the admission of new evidence and allegations. Once fifth counsel received it, she was left with a short amount of time to review it and request leave to make any potential amendments. After her attempts to secure a continuance were denied, counsel was prepared for the hearing and able to proceed, putting forth cognizant arguments in favor of defendant's position.

¶ 30    We do not disagree it could have been helpful had counsel filed a motion to reconsider and included the affidavit in the record. But counsel's failure to do so does not render her assistance unreasonable where she complied with the requirements put forth under Rule 651(c). Accordingly, we find that counsel provided a reasonable level of assistance under these circumstances.

¶ 31    For the foregoing reasons, we affirm the circuit court's dismissal of defendant's postconviction petition.

¶ 32                                   III. CONCLUSION

¶ 33    The judgment of the circuit court of Peoria County is affirmed.

¶ 34    Affirmed.

11